<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

Southern District of Florida

Case number (If known): _____ Chapter 15

☐ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| 1. | **Debtor's name** | Banco Continental, S.A. |
|---|---|---|

**2. Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other _08019003077544_. Describe identifier _Honduran Corporate ID Number_

**For individual debtors:**

☐ Social Security number: xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

**3. Name of foreign representative(s)**

Banco de los Trabajadores, S.A.

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

Appointment of Banco de los Trabajadores, S.A. as liquidator of debtor Banco Continental, S.A. by the Honduran Comision Nacional de Bancos y Seguros ("Honduran Banking and Insurance Commission") under Resolutions SB No. 1034 09-15-2015 and SB No. 113 15-02-2017, and, inter alia, pursuant to Honduran Constitution Art. 245, Law of the National Commission of Banks and Insurance, Arts. 1, 6, 8, 13 and 14, Financial System Law, Arts. 1, 4, 29, 37, 46, 52. 53, 115, and 117-127, 130-136 and 138-139, Commercial Code Arts. 1033-1034, and Law of Administrative Procedure, Art. 72.

**5. Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding

☐ Foreign nonmain proceeding

☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Debtor    Banco Continental S.A.
_____
Name

Case number (if known)_____

---

8. **Others entitled to notice**

Attach a list containing the names and addresses of:

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)    all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)    all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

9. **Addresses**

**Country where the debtor has the center of its main interests:**

Republic of Honduras
_____

**Debtor's registered office:**

Barrio Guamilito 1 y 2 Calle 9 y 10 Avenida Centro Comercial
_____
Number      Street

_____
P.O. Box

San Pedro Sula Cortes     Nova Prisa
_____
City      State/Province/Region      ZIP/Postal Code

Honduras
_____
Country

**Individual debtor's habitual residence:**

_____
Number      Street

_____
P.O. Box

_____
City      State/Province/Region      ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

Cuarta y Quinta Calle, Segunda Avenida
_____
Number      Street

_____
P.O. Box

Barrio Concepción, Comayaguela, MDC
_____
City      State/Province/Region      ZIP/Postal Code

Honduras
_____
Country

---

10. **Debtor's website** (URL)

NA
_____

---

11. **Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

     ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

     ☐ Partnership

     ☐ Other.  Specify: _____

☐ Individual

---

| Debtor | Banco Continental , S.A. | Case number (if known) |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this* district?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____    Oscar A. Lagos V.
Signature of foreign representative    Printed name
                                       Gerente de Banca Fiduciaria
                                       General Manager of Fiduciary Banking
Executed on  01 14 2020                 Banco de los Trabajadores, S.A.
             MM / DD / YYYY

✗ _____    _____
Signature of foreign representative    Printed name

Executed on  _____
             MM / DD / YYYY

**14. Signature of attorney**

✗  /s/ Patricia A. Redmond          Date  01/23/2020
Signature of Attorney for foreign representative    MM / DD / YYYY

Patricia A. Redmond, Esq.
Printed name
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Firm name
150 West Flagler Street, Suite 2200
Number       Street
Miami                              FL        33130
City                               State     ZIP Code

305.789.3553                       predmond@stearnsweaver.com
Contact phone                      Email address

303739                             Florida
Bar number                         State

**EXHIBIT 1**

**Petition Section 6: Decision Commencing the Foreign Proceeding and Appointing the
Foreign Representative.**

Exhibit 1 contains Certified Copies of the Spanish language originals, English language

translations and certificates of translation of the following decisions – that is, orders and

agreements – commencing the foreign proceeding and appointing the foreign representative:

- **Exhibit 1A**: Certified Copy of Honduran Banking and Insurance Commission
  Resolution SB No. 1034 09-15-2015 declaring the forced liquidation of Banco
  Continental, S.A.

- **Exhibit 1B**: Certified Copy of Honduran Banking and Insurance Commission
  Resolution SB No. 113 15-02-2017 designating Banco de los Trabajadores, S.A. as
  the fiduciary liquidator and trustee of Banco Continental, S.A.

- **Exhibit 1C**: Certified Copy of the Trust Agreement and Public Deed between the
  Honduran Banking and Insurance Commission and Banco de los Trabajadores, S.A.,
  designating Banco de los Trabajadores, S.A. as the fiduciary liquidator and trustee of
  Banco Continental, S.A.

# Exhibit 1A

[logo:] CNBS [Comisión Nacional de Bancos y Seguros (National Commission of Banks and Insurance)]
National Commission of Banks and Insurance Institutions

### *National Commission of Banks and Insurance Institutions*
*Tegucigalpa, Municipality of the Central District, Honduras*

### CERTIFICATION

The undersigned Secretary General of the National Commission of Banks and Insurance hereby CERTIFIES the applicable part of the Certificate of the Extraordinary Session No. 1091 held in Tegucigalpa, Municipality of the Central District, on October the ninth, two thousand and fifteen, with the attendance of Commissioners ETHEL DERAS ENAMORADO, President; JOSÉ ADONIS LAVAIRE FUENTES, Proprietary Commissioner, ROBERTO CARLOS SALINAS, Proprietary Commissioner, MAURA JAQUELINE PORTILLO G., Secretary General; which states: "... **2. Affairs of the Superintendency of Banks, Financial Institutions, and Savings and Loan Associations:** section **a) … RESOLUTION SB No. 1034 / 09 - 10 - 2015.-** The National Commission of Banks and Insurance Institutions, **WHEREAS (1):** It is the role of the National Commission of Banks and Insurance Institutions, pursuant to Article 245, section number 31 of the National Constitution, to exercise oversight and control over banking and financial institutions. **WHEREAS (2):** The Law of the National Commission of Banks and Insurance Institutions orders it to supervise and oversee institutions of the financial system and other supervised entities, so that they will conduct their activities in accordance with the laws of the Nation and in the public interest, seeing to it that, in these activities, the rights of users of the services offered by supervised institutions are respected, and, in a preferential sense, those of holders of savings, deposit, and shareholding accounts. **WHEREAS (3):** The National Commission of Banks and Insurance Institutions sees to it that financial activities and other activities carried out by institution of the system which are related to the handling, use, and investment of the resources of the public, seeing to it that they adhere to the laws and regulations of said higher entity, as well as the Special Law against Money Laundering. In addition to the fact that shareholders, administrators, and officials meet the requirements of moral solvency and suitability which are required to carry out this role adequately. **WHEREAS (4):** Pursuant to Article 117 of the Financial System Law, the National Commission of Banks and Insurance Institutions is granted powers so that, when an institution brings about grounds for obligatory liquidation, the Commission may proceed to cancel the respective authorization to conduct operations, and orders that, in the same procedure, the obligatory liquidation of the entity must be resolved. **WHEREAS (5):** On October 7, 2015, the official notification of said entity was published on the website of the Department of the Treasury of the United States of America, which Messrs. Yankel Antonio Rosenthal Coello, Yani Benjamin Rosenthal Hidalgo, Jaime Rolando Rosenthal Oliva, BANCO CONTINENTAL S.A., Empacadora Continental S.A. de C.V., Inversiones Continental U.S.A., Corp, Inversiones Continental (Panamá) S.A. de C.V., Inversiones Continental S.A. de C.V., among others, have been included on the list of the Office of Foreign Asset Control, known, by its English-language acronym, OFAC, referring to parties involved in money laundering. The aforementioned notification indicates that "this is the first time that the OFAC has designated a bank, pursuant to the Kingpin Law. BANCO CONTINENTAL, S.A. has served as an integral part of the money laundering operations of the Rosenthals, and has facilitated the laundering of profits originating from the drug trafficking of multiple Central American drug trafficking organizations. **WHEREAS (6):** On October 8, 2015, the Secretariat General of the Commission notified BANCO CONTINENTAL, S.A., via Official Notification SEGSE - NE - 1002 / 2015, Resolution SB No. 1033 / 07 - 10 - 2015, regarding the evaluation performed, with its figures current as of January 31, 2015, updated on June 30, 2015, on which the resolution was reached to decare admissible some corrective actions and ratify others to be corrected within the terms indicated. Likewise, it was required that, within a maximum period of five (5) calendar days, a regularization plan be presented to establish the framework for the legal provisions and to correct the deficiencies determined in the evaluations of this Commission. Said plan should establish corrective measures, such as those indicated in article 106 of the Financial System Law; as well as naming Evasio Agustín Asencio Rodríguez, as delegate of this Commission, before the Administrative Council, with the powers established in the Financial System Law with the purpose of coordinating the technical team assigned to said task, so that the Bank would set out the framework for the legal provisions in effect, in particular, with regard to deficiencies in the prevention of money laundering and the financing of terrorism. In addition, in the same resolution, they should be notified that this was without prejudice to any other measure which the Commission may require, pursuant to the law. **WHEREAS (7):** AS a result of being included on the OFAC list, as described in the Whereas (5) section above, all of the assets of parties indicated who are under the jurisdiction of the United States, or which are

Page 1

[logo:] CNBS
National Commission of Banks and Insurance Institutions

***National Commission of Banks and Insurance Institutions***
*Tegucigalpa, Municipality of the Central District, Honduras*

under the control of individuals from the United States, are frozen, and individuals from the United States are generally prohibited from conducting operations with them. For this reason, deposits or investments of BANCO CONTINENTAL, S.A. in banks in the United States require a valuation reserve for losses for 100% of their value, which involves a lien on their property position. In addition, the Bank may no longer conduct their international banking operations with which they had habitually serviced their clients. **WHEREAS (8):** In consideration of the fact that BANCO CONTINENTAL, S.A. was included on the OFAC list, as a result of which this entity has not been able to conduct operations with other financial institutions, it has not been able to make use of the means and systems of electronic payment and, likewise, will not be able to have access to the clearing houses, as was expressed by its representatives, making it impossible for it to be integrated into the system of national and international payments, making it impossible for the Bank to function. **WHEREAS (9):** The minimum Capital Adequacy Index (CAI) required by the National Commission of Banks and Insurance Institutions, in compliance with Article 37 of the Financial System Law, according to the resolution adopted by this Commission, is 10%. Likewise, Article 118, section number 1 of the aforementioned Law indicates that one cause for the declaration of obligatory liquidation is when the Capital Adequacy Index (CAI) is less than 60% of the minimum level required by the aforementioned Commission; in other words, when it is less than 6%. **WHEREAS (10):** According to the analysis of the Superintendency of Banks, Financial Institutions, and Savings and Loan Associations, which is contained in the report dated October 8, 2015, and which was reported to BANCO CONTINENTAL, S.A. on October 9, 2015 at 12:55 a.m., it was determined that the Capital Adequacy Index (CAI), applying adjustments for investments in banks in the United States of America, with insufficient reserves for doubtful credits and labor liability pending constitution, is 5.20%, less than the 60% of the minimum level required by the Commission pursuant to the provisions of Article 37 of the Financial System Law. **WHEREAS (11):** As a result of the aforementioned, BANCO CONTINENTAL, S.A. is included in the grounds for obligatory liquidation established by Article 118 of the Financial System Law, which orders the following: *"The Commission, via a properly founded resolution, must declare the obligatory liquidation of an institution of the financial system and cancel the respective authorization for operations when said institution has incurred in one or more of the following grounds: 1) The capital adequacy index of the institution is less than sixty percent (60%) of the minimum level required by the Commission, pursuant to the provisions of Article 37 of this Law; and 9)* [sic] *When the regularization plan does not function or cannot be implemented."* **WHEREAS (12):** On October 9, 2015 at 12:55 a.m., the Secretariat General of the Commission notified BANCO CONTINENTAL, S.A., via Official Document SEGSE - NE - 1003 / 2015, the report of the Superintendency of Banks, Financial Institutions, and Savings and Loan Associations, of the equity deficiencies and impossibility of implementing a regularization plan, and regarding the effects of the OFAC communiqué dated October 7, 2015, granting them, at the time of the notification, a twenty-four (24) hour period to present disclaimers with regard to the right to a defense recognized by Article 82 of the National Constitution. It is suitable to indicate that, in the course of the evaluations performed on this institution, on various occasions, via resolutions and reports from the Superintendency of Banks, Financial Institutions, and Savings and Loan Associations, they have been notified of the repeated breaches and findings, and in particular, they have been subjected to fines for the errors and have been required to take corrective actions due to deficiencies and breaches regarding the prevention of money laundering, the majority of which were not or could not be resolved, due to the impossibility of currently implementing a regularization plan, due to the previously described lack of operationality. **WHEREAS (13):** As a result of the severe situation of BANCO CONTINENTAL, S.A., on October 9, 2015, an urgent meeting of the Bank's administrators was called to ascertain their position regarding said situation. Regarding this matter, they expressed that it was not possible to continue with the operations of the Bank, and that in order to avoid harming the interests of depositors and of the nation in general, they are willing to adhere to any resolution issued by the Supervisory Entity. They furthermore expressed the following, precisely quoted here: *"They were informed that the correspondent Banks in the United States cancelled their correspondence and the operationality of VISA and MASTERCARD cards issued by the Bank, and the clearing house informed them that they can no longer enter into the same for the purpose of conducting banking operations; as a result thereof, the Bank*

Page 2

[stamp:] NATIONAL COMMISSION OF BANKS AND INSURANCE ENTITIES
CNBS
SECRETARIAT
HONDURAS, CENTRAL AMERICA
[signature]

[logo:] CNBS
National Commission of Banks and Insurance Institutions

**National Commission of Banks and Insurance Institutions**
*Tegucigalpa, Municipality of the Central District, Honduras*

*is practically finished."* The aforementioned quote is contained on the Minutes dated October 9, 2015, which were opened for record at 2:00 p.m. and which were closed at 4:00 p.m. in the Session Room of the National Commission of Banks and Insurance Institutions. Said Minutes were signed by Ms. Patricia Rosenthal, Mr. César Rosenthal, and Sergio Loreto Reyes in the role of Vice President of BANCO CONTINENTAL, S.A., General Manager, and Director and member of the Administrative Council and legal representative of BANCO CONTINENTAL, S.A., respectively; and signed by the three Commissioners of the National Commission of Banks and Insurance Institutions, by Mr. Jorge Flores Padilla, Superintendent of Banks, Financial Institutions, and Savings and Loan Associations, and by Ms. Maura Jacqueline Portillo G., in her role as Secretary General of the Institution which certified the actions taken. **WHEREAS (14):** Article 115 of the Financial System Law establishes the mechanisms of resolution, which include, among others, obligatory liquidation. Likewise, Article 117 of the aforementioned Law establishes that, when an institution of the financial system incurs in grounds for obligatory liquidation, the Commission shall proceed to cancel the respective authorization to conduct operations; and in the same act, the Commission must resolve the obligatory liquidation of the institution; and the Commission must immediately announce said resolution to the Central Bank and to the Deposit Security Fund (FOSEDE) [Fondo de Seguro de Depósito (Deposit Security Fund)]. **WHEREAS (15):** Article 118 of the Financial System Law establishes that: *"The Commission, via a properly grounded resolution, must declare the obligatory liquidation of an institution of the financial system and cancel the respective authorization of operations when said institution has incurred in one or more of the following grounds: 1) The capital adequacy index of the institution is less than sixty percent (60%) of the minimum level required by the Commission, pursuant to the provisions of Article 37 of this Law; and 9) The regularization plan does not function or cannot be implemented."* **WHEREAS (16):** In consideration of the severe situation of BANCO CONTINENTAL, S.A., which was recognized in the meeting held on October 9, 2015, at the offices of the National Commission of Banks and Insurance Institutions, it is evident, and has been recognized by the officials representing BANCO CONTINENTAL, S.A., that said institution has incurred in the grounds for the declaration of obligatory liquidation indicated in the previous "Whereas" section. For this reason, the twenty-four (24) hour period granted to present disclaimers on the notification dated October 9, 2015, which expires at 12:55 a.m. on October 10, 2015, the aforementioned period is futile and, for this reason, is declared null and void, for the following reasons: 1) The impossibility of continuing operations was recognized by the representatives of the Bank, record of which is contained in the Minutes referred to in the "Whereas (13)" section; and 2) Article 118 of the Financial System Law authorizes the National Commission of Banks and Insurance Institutions, via a properly grounded resolution, to declare the obligatory liquidation once the institution has incurred in one or more of the grounds for liquidation. **WHEREAS (17):** In the application of the provisions of Article 72 of the Administrative Procedure Law, the Directorate of Legal Consultancy issued a legal ruling and indicated that, based on Articles 115, 117, 118, 119, and 120 of the Financial System Law, it is suitable to proceed with the declaration of obligatory liquidation of BANCO CONTINENTAL, S.A., due to the fact that, according to the report issued by the Superintendency of Banks, Financial Institutions, and Savings and Loan Associations, they have incurred in the two (2) grounds for obligatory liquidation referred to in the report of the aforementioned Superintendency. **WHEREAS (18):** Based on the report issued by the Superintendency of Banks, Financial Institutions, and Savings and Loan Associations and the ruling issued by the Directorate of Legal Consultancy, it is appropriate to apply the mechanism of obligatory liquidation to BANCO CONTINENTAL, S.A. which is referred to in Chapter III, Section One, "Regarding Obligatory Liquidation," Article 118 of the Financial System Law. **THEREFORE:** Based on Articles 245, section number 31) of the National Constitution; 6, 13, and 14 of the Law of the National Commission of Banks and Insurance; 4, 29, 37, 115, 117, 118, 119, and 120 of the Financial System Law; **BE IT RESOLVED: 1.** To declare the forced liquidation of BANCO CONTINENTAL, S.A., as it has incurred in the following grounds for liquidation: a) The capital adequacy index of the institution is five point twenty percent (5.20%), which is less than six percent (6%), equivalent to sixty percent (60%) of the minimum level required, according to the provisions of Article 37 of the Financial System Law; and b) The required regularization plan cannot be implemented, due to the impossibility of operating under normal conditions. **2.** To cancel the authorization of operations for BANCO CONTINENTAL, S.A., due to the fact that it has incurred in the grounds for obligatory liquidation indicated in the previous numbered section.

Page 3

[stamp:] NATIONAL COMMISSION OF BANKS AND INSURANCE ENTITIES
CNBS
SECRETARIAT
HONDURAS, CENTRAL AMERICA
[signature]

[logo:] CNBS
National Commission of Banks and Insurance Institutions

**National Commission of Banks and Insurance Institutions**
*Tegucigalpa, Municipality of the Central District, Honduras*

**3.** The members of the Administrative Council, administrators, managers, internal control entities, commissioners, and legal representatives of BANCO CONTINENTAL, S.A. are to cease their activities. Likewise, the administrative powers and authorization granted to them shall be null and void, with the resulting prohibition, applied to the same, from performing acts of use or administration of properties or securities of the entity. If said acts of administration or use should be carried out by them, they shall be null and void according to law. **4.** To declare null and void all acts and contracts signed with related parties which involve usufruct, lease, guarantee, trust, provision of services, management, administration, or any other analogous matter, without liability of any sort for the institution of the financial system subject to liquidation, and the amount resulting from the liquidation of said acts and contracts shall be registered by the liquidator on the accounting records of the institution subject to liquidation for the related party, and the corresponding amount, pursuant to the ranking established by Articles 131 of this Law and 1676 of the Code of Commerce, shall be paid to them. **5.** To declare null and void all contracts entered into with legal professionals, without liability of any sort for BANCO CONTINENTAL, S.A. subject to liquidation, and the amount which is due to them, as fees, for the work performed as of the date on which liquidation was declared shall be registered by the liquidator on the accounting records of BANCO CONTINENTAL, S.A., and the corresponding amount shall be paid, according to the ranking established by Articles 131 of this Law and 1676 of the Code of Commerce, after each of the legal professionals has presented, within thirty (30) calendar days following the date on which liquidation was declared, a report which indicates the amount of the fees and the current state of the affairs entrusted to them, along with all of the documentation for the institution subject to liquidation which is in their possession. As well as all other provisions of the aforementioned Law. **6.** To designate Mr. Evasio Agustín Asencio Rodríguez as liquidator for as long as his services are required. He shall fulfill his task, observing the provisions of the Financial System Law and, in a supplementary sense, the Code of Commerce, and the instructions received from the National Commission of Banks and Insurance Institutions. **7.** To instruct the Secretariat General of the Commission to proceed to notify the Central Bank of Honduras and the Secure Deposit Fund (FOSEDE) of this resolution, so that said institutions may proceed to fulfill their obligations according to law. **8.** To instruct the Secretariat General of the National Commission of Banks and Insurance Institutions to proceed to notify the commercial registrars of the designation of Mr. Evasio Agustín Asencio Rodríguez as liquidator of BANCO CONTINENTAL, S.A., so that they may proceed to register the same with no further procedures, for all legal purposes, as is ordered by Article 120 of the Financial System Law. **9.** To make notification of this resolution to the Legal Representative of BANCO CONTINENTAL, S.A., via email, pursuant to the provisions of the Law of Administrative Procedures, according to the email addresses provided by BANCO CONTINENTAL, S.A. for the purpose of receiving notifications for the corresponding legal purposes. **10.** The legal representative of BANCO CONTINENTAL, S.A. must immediately notify the Administrative Council and all officials of the institution of this resolution. **11.** The only admissible appeal that may be brought against this resolution is the appeal for reversal, which may be presented within twenty-four (24) hours following notification of this resolution. **12.** This resolution is immediately executable. … It has been approved unanimously. … **F) ETHEL DERAS ENAMORADO,** President; **JOSÉ ADONIS LAVAIRE FUENTES,** Proprietary Commissioner; **ROBERTO CARLOS SALINAS,** Proprietary Commissioner; **MAURA JAQUELINE PORTILLO G.,** Secretary General."

And, for all corresponding purposes, this document is hereby issued in the city of Tegucigalpa, Municipality of the Central District, on October ninth, two thousand and fifteen.

[signature]
**MAURA JAQUELINE PORTILLO G.**
Secretary General
[stamp:] NATIONAL COMMISSION OF BANKS AND INSURANCE ENTITIES
CNBS
SECRETARIAT
HONDURAS, CENTRAL AMERICA

Page 4

*Comisión Nacional de Bancos y Seguros*
*Tegucigalpa, M.D.C. Honduras*

## CERTIFICACIÓN

La infrascrita Secretaria General de la Comisión Nacional de Bancos y Seguros CERTIFICA la parte conducente del Acta de la Sesión Extraordinaria No.1019 celebrada en Tegucigalpa, Municipio del Distrito Central el nueve de octubre de dos mil quince, con la asistencia de los Comisionados ETHEL DERAS ENAMORADO, Presidenta; JOSÉ ADONIS LAVAIRE FUENTES, Comisionado Propietario; ROBERTO CARLOS SALINAS, Comisionado Propietario; MAURA JAQUELINE PORTILLO G., Secretaria General; que dice: " ... **2. Asuntos de la Superintendencia de Bancos, Financieras y Asociaciones de Ahorro y Préstamo**: literal **a**) ... **RESOLUCIÓN SB No.1034/09-10-2015.-** La Comisión Nacional de Bancos y Seguros, **CONSIDERANDO (1):** Que a la Comisión Nacional de Bancos y Seguros, de conformidad al Artículo 245, numeral 31 de la Constitución de la República, le corresponde ejercer la vigilancia y control de las instituciones bancarias y financieras. **CONSIDERANDO (2):** Que la Ley de la Comisión Nacional de Bancos y Seguros, le manda a supervisar y vigilar para que las instituciones del sistema financiero y demás entidades supervisadas, desarrollen sus actividades en concordancia con las leyes de la República y el interés público, que en tales actividades se respeten los derechos de los usuarios de los servicios que ofrecen las instituciones supervisadas y preferentemente el de los ahorrantes, depositantes y accionistas. **CONSIDERANDO (3):** Que la Comisión Nacional de Bancos y Seguros, supervisa que las actividades financieras y demás que realizan las instituciones del sistema, relacionadas con el manejo, aprovechamiento e inversión de los recursos captados del público se ajusten a las leyes y normativas de dicho ente supervisor así como a la Ley Especial contra el Lavado de Activos. Además que los accionistas, administradores y funcionarios reúnan los requisitos de idoneidad y solvencia moral necesarios para desempeñarse adecuadamente. **CONSIDERANDO (4):** Que de conformidad al Artículo 117 de la Ley del Sistema Financiero, la Comisión Nacional de Bancos y Seguros, está facultada para que cuando una institución incurra en una causal de liquidación forzosa, la Comisión proceda a cancelar la respectiva autorización para operar y manda que en el mismo acto se deberá resolver la liquidación forzosa de la entidad. **CONSIDERANDO (5):** Que el 7 de octubre de 2015 fue publicado en la página web del Departamento del Tesoro de los Estados Unidos de América el comunicado oficial de dicha entidad que los señores Yankel Antonio Rosenthal Coello, Yani Benjamín Rosenthal Hidalgo, Jaime Rolando Rosenthal Oliva, BANCO CONTINENTAL S.A., Empacadora Continental S.A. de C.V., Inversiones Continental U.S.A., Corp., Inversiones Continental (Panamá) S.A. de C.V., Inversiones Continental S.A. de C.V., entre otros, han sido incluidos en la lista de la Oficina de Control de Activos Extranjeros, OFAC por sus siglas en inglés, referente a personas vinculadas al lavado de activos. El comunicado referido señala que "es la primera vez que la OFAC ha designado a un banco conforme a la Ley Kingpin. El BANCO CONTINENTAL, S.A. ha servido como parte integral de las operaciones de lavado de dinero de los Rosenthal y ha facilitado el lavado de ganancias procedentes del narcotráfico de múltiples organizaciones centroamericanas de narcotráfico.". **CONSIDERANDO (6):** Que el 8 de octubre de 2015, la Secretaría General de la Comisión notificó a BANCO CONTINENTAL, S.A., mediante Oficio SEGSE-NE-1002/2015, la Resolución SB No.1033/07-10-2015, referente a la evaluación practicada con cifras al 31 de enero de 2015, actualizadas al 30 de junio de 2015, en la cual se resolvió declarar con lugar algunas acciones correctivas y ratificar otras para corregir en los plazos señalados. Asimismo, se requirió en un plazo máximo de cinco (5) días hábiles, presente un plan de regularización para enmarcarse a las disposiciones legales y corregir las deficiencias determinadas en las evaluaciones de esta Comisión. Dicho plan deberá establecer medidas correctivas tal como las enunciadas en el artículo 106 de la Ley del Sistema Financiero; y nombrar como delegado de esta Comisión ante el Consejo de Administración a Evasio Agustín Asencio Rodríguez, con las facultades establecidas en la Ley del Sistema Financiero con el propósito de coordinar el equipo técnico asignado a dicho trabajo, para que el Banco se enmarque a las disposiciones legales vigentes, en especial por las deficiencias para la prevención del lavado de activos y financiamiento del terrorismo. Indicándoseles además en la misma resolución que esto era sin perjuicio de cualquier otra medida que la Comisión requiriera de conformidad a derecho. **CONSIDERANDO (7):** Que a consecuencia de ser incluido en la lista OFAC, según lo descrito en el considerando (5) anterior, todos los activos de las personas indicadas que están en la jurisdicción de los Estados Unidos o que están en

*Comisión Nacional de Bancos y Seguros*
*Tegucigalpa, M.D.C. Honduras*

control de personas estadounidenses están congelados, y personas estadounidenses están generalmente prohibidas de realizar operaciones con ellos. Por tal razón los depósitos o inversiones de BANCO CONTINENTAL, S.A., en bancos de Estados Unidos requieren una reserva de valuación por pérdidas del 100% de su valor, lo cual implica un agravamiento de su posición patrimonial. Por otra parte, el Banco ya no podrá realizar sus operaciones bancarias internacionales con las que habitualmente atendía a sus clientes. **CONSIDERANDO (8):** Que en razón que BANCO CONTINENTAL, S.A., fue incluido en la lista OFAC, lo que ha provocado que esta entidad no ha podido realizar operaciones con otras instituciones financieras, no ha podido utilizar los medios y sistemas de pago electrónico, así como tampoco podrán tener acceso a las cámaras de compensación según fue manifestado por sus representantes, imposibilitando su integración al sistema de pagos nacional e internacional haciendo inviable el funcionamiento del Banco. **CONSIDERANDO (9):** Que el Índice de Adecuación de Capital (IAC) mínimo requerido por la Comisión Nacional de Bancos y Seguros, en cumplimiento del Artículo 37 de la Ley del Sistema Financiero, según resolución adoptada por esta Comisión es del 10%. Asimismo, el Artículo 118 numeral 1 de la citada Ley, indica que es una causal para la declaración de liquidación forzosa, que Índice de Adecuación de Capital (IAC) sea inferior 60% del nivel mínimo requerido por la Comisión antes enunciado; es decir que sea menor al 6%. **CONSIDERANDO (10):** Que según el análisis de la Superintendencia de Bancos, Financieras y Asociaciones de Ahorro y Préstamo, que consta en el informe de fecha 8 de octubre de 2015, y que fuera notificado a BANCO CONTINENTAL, S.A., el día 9 de octubre de 2015 a las 00:55 a.m., se determinó que el Índice de Adecuación de Capital (IAC) aplicando ajustes por las inversiones en bancos de Estados Unidos de América, insuficiencia de reservas para créditos dudosos y el pasivo laboral pendiente de constituir, es 5.20%, inferior al 60% del nivel mínimo requerido por la Comisión de conformidad con lo establecido en el artículo 37 de la Ley del Sistema Financiero. **CONSIDERANDO (11):** Que en razón de lo anterior, BANCO CONTINENTAL, S.A., se encuentra comprendido en las causales de liquidación forzosa que establece el artículo 118 de la Ley del Sistema Financiero el cual manda lo siguiente: *"La Comisión, mediante resolución motivada deberá declarar la liquidación forzosa de una institución del sistema financiero y cancelar la respectiva autorización de funcionamiento cuando esta haya incurrido en una o más de las causales siguiente: 1) El Índice de adecuación de capital de la institución sea inferior del sesenta por ciento (60%) del nivel mínimo requerido por la Comisión de conformidad con lo establecido en el artículo 37 de esta Ley; y 9) Cuando el plan de regularización no funcione o no se pueda implementar."*. **CONSIDERANDO (12):** Que el 9 de octubre de 2015 a las 00:55 a.m., la Secretaría General de la Comisión notificó a BANCO CONTINENTAL, S.A., mediante Oficio SEGSE-NE-1003/2015, el informe de la Superintendencia de Bancos, Financieras y Asociaciones de Ahorro y Préstamo, sobre deficiencias patrimoniales e inviabilidad para poder implementar un plan de regularización, y por el efecto del comunicado OFAC del 7 de octubre de 2015. Concediéndosele al momento de la notificación un plazo de veinticuatro (24) horas para que presentara descargos en atención del derecho de defensa reconocido por el Artículo 82 de la Constitución de la Republica. Oportuno es señalar que en el curso de las evaluaciones practicadas a esta Institución, en varias ocasiones mediante resoluciones e informes de la Superintendencia de Bancos, Financieras y Asociaciones de Ahorro y Préstamo, se le ha indicado los hallazgos e incumplimientos reiterativos y especialmente se le han impuesto multas por las faltas y requerido acciones correctivas por deficiencias e incumplimientos en la prevención del lavado de activos que en su mayoría no fueron ni podrán ser superadas en razón de la imposibilidad de implementar actualmente un plan de regularización por la falta de operatividad antes expuesta. **CONSIDERANDO (13):** Que derivado de la grave situación de BANCO CONTINENTAL, S.A., el 9 de octubre de 2015, se convocó a una reunión de urgencia a los administradores del Banco para conocer su posición ante dicha situación. Al respecto manifestaron que era inviable la continuidad de las operaciones del Banco y que para no afectar el interés de los depositantes y del país en general, están en la disposición de acatar cualquier resolución que emane del Ente Supervisor. Manifestaron además literalmente lo siguiente: *"Que se les informó que los Bancos corresponsales estadounidenses les cancelaron la corresponsalías y la operatividad de las tarjetas VISA y MASTER CARD emitida por el Banco y que la cámara de compensación les informó que ya no pueden entrar en la misma para efecto de operaciones bancarias, con lo cual el Banco*



*Comisión Nacional de Bancos y Seguros*
*Tegucigalpa, M.D.C. Honduras*

*está prácticamente acabado".* Lo antes expresado consta en el Acta de fecha de 9 de octubre de 2015 levantada a las 2:00 p.m. y que fue cerrada a las 4:00 p.m. en la Sala de Sesiones de la Comisión Nacional de Bancos y Seguros, Acta firmada por la Señora Patricia Rosenthal, el Señor César Rosenthal y Sergio Loreto Reyes en condición de Vicepresidenta de BANCO CONTINENTAL, S.A., Gerente General, y Director y miembro del Consejo de Administración y apoderado legal de BANCO CONTINENTAL, S.A., respectivamente; y firmada por los tres Comisionados de la Comisión Nacional de Bancos y Seguros, por el Señor Jorge Flores Padilla, Superintendente de Bancos, Financieras y Asociaciones de Ahorro y Préstamo y por la Señora Maura Jaqueline Portillo G., en su condición de Secretaria General de la Institución que dio fe de lo actuado. **CONSIDERANDO (14):** Que el Artículo 115 de la Ley del Sistema Financiero, establece los mecanismos de resolución entre ellos la liquidación forzosa. Asimismo, el Artículo 117 de la referida Ley, establece que cuando una institución del Sistema Financiero incurra en la causa de liquidación forzosa, la Comisión procederá a cancelar la respectiva autorización para operar; y que en el mismo acto la Comisión deberá resolver la liquidación forzosa de la institución; y la Comisión deberá dar a conocer de inmediato tal resolución al Banco Central y al Fondo de Seguro de Depósito (FOSEDE). **CONSIDERANDO (15):** Que el Artículo 118 de la Ley del Sistema Financiero establece que: *"La Comisión, mediante resolución motivada deberá declarar la liquidación forzosa de una institución del sistema financiero y cancelar la respectiva autorización de funcionamiento cuando esta haya incurrido en una o más de las causales siguiente: 1) El Índice de adecuación de capital de la institución sea inferior del sesenta por ciento (60%) del nivel mínimo requerido por la Comisión de conformidad con lo establecido en el artículo 37 de esta Ley; y 9) Cuando el plan de regularización no funcione o no se pueda implementar.".* **CONSIDERANDO (16):** Que en vista de la grave situación de BANCO CONTINENTAL, S.A., la cual fue reconocida en la reunión sostenida el día 9 de octubre de 2015 en las oficinas de la Comisión Nacional de Bancos y Seguros, es evidente y reconocido por los funcionarios que representaron a BANCO CONTINENTAL, S.A., que dicha Institución ha incurrido en las causales para la declaratoria de liquidación forzosa enunciadas en el considerando anterior, por lo tanto el plazo de veinticuatro (24) horas concedidos para presentar descargos en la notificación del 9 de octubre de 2015 y que vencen a las 00:55 a.m. del 10 de octubre de 2015, resulta inútil el plazo antes señalado y por tanto se deja sin valor y efecto en razón de lo siguiente: 1) Que fue reconocido por los representantes del Banco la imposibilidad de seguir operando según consta en Acta referida en el considerando (13); y, 2) El Artículo 118 de la Ley del Sistema Financiero, faculta a la Comisión Nacional de Bancos y Seguros, para que mediante resolución motivada declare la liquidación forzosa una vez se haya incurrido en una o más de las causales de liquidación. **CONSIDERANDO (17):** Que en aplicación a lo establecido en el Artículo 72 de la Ley de Procedimiento Administrativo, la Dirección de Asesoría Legal emitió dictamen legal y señaló que con fundamento en los Artículos 115, 117, 118, 119, y 120 de la Ley del Sistema Financiero; es del parecer que procede la declaración de liquidación forzosa de BANCO CONTINENTAL, S.A., en razón de que conforme al informe emitido por la Superintendencia de Bancos, Financieras y Asociaciones de Ahorro y Préstamo, ha incurrido en las dos (2) de las causales de liquidación forzosa a que hizo referencia en su informe la Superintendencia antes señalada. **CONSIDERANDO (18):** Que con fundamento en el informe emitido por la Superintendencia de Bancos, Financieras y Asociaciones de Ahorro y Préstamo y el dictamen emitido por la Dirección de Asesoría Legal, es procedente aplicar a BANCO CONTINENTAL, S.A., el mecanismo de liquidación forzosa a que hace referencia el Capítulo III Sección Primera "De la Liquidación Forzosa" Artículo 118 de la Ley del Sistema Financiero. **POR TANTO:** Con fundamento en los artículos 245 numeral 31) de la Constitución de la República; 6, 13 y 14, de la Ley de la Comisión Nacional de Bancos y Seguros; 4, 29, 37, 115, 117, 118, 119, y 120 de la Ley del Sistema Financiero; **RESUELVE: 1.** Declarar la liquidación forzosa de BANCO CONTINENTAL, S.A., por haber incurrido en las causales de liquidación siguientes: a) El Índice de adecuación de capital de la institución es de cinco punto veinte por ciento (5.20%) el cual es inferior al seis por ciento (6%), equivalente al sesenta por ciento (60%) del nivel mínimo requerido de conformidad con lo establecido en el artículo 37 de la Ley del Sistema Financiero; y b) El plan de regularización requerido no se puede implementar por la imposibilidad de operar en condiciones normales. **2.** Cancelar la autorización para operar al BANCO CONTINENTAL, S.A., por haber incurrido en las causales de liquidación forzosa indicadas en el numeral



## Comisión Nacional de Bancos y Seguros
### Tegucigalpa, M.D.C. Honduras

anterior. **3.** Cesar en sus funciones a los miembros del Consejo de Administración, administradores, gerentes, órganos internos de control, comisarios y apoderados legales de BANCO CONTINENTAL, S.A. Quedan también sin efecto los poderes y facultades de administración a ellos otorgados, con la consiguiente prohibición a los mismos, de realizar actos de disposición o administración de bienes o valores de la entidad. Si tales actos de administración o disposición los realizaran, serán nulos de pleno derecho. **4.** Dejar sin valor y efecto, sin responsabilidad alguna para la institución del sistema financiero en liquidación, todos los actos y contratos suscritos con partes relacionadas, que involucren usufructo, arrendamiento, garantía, fideicomiso, prestación de servicios, gestión, administración o cualquier otro análogo y el monto que resulte de la liquidación que resulte de tales actos y contratos, serán registrados por el liquidador en la contabilidad de la institución en liquidación a favor de las la parte relacionada y pagado cuando corresponda conforme a la graduación que establecen los artículos 131 de la Ley del Sistema Financiero y 1676 del Código de Comercio. **5.** Dejar sin ningún valor y efecto, sin responsabilidad alguna para BANCO CONTINENTAL, S.A., en liquidación, todos los contratos celebrados con profesionales del derecho y el monto que por concepto de honorarios les corresponda por la labor desarrollada a la fecha de la declaratoria de la liquidación, será registrado por el liquidador en la contabilidad de BANCO CONTINENTAL, S.A., y pagado cuando corresponda conforme a la graduación que establecen los artículos 131 de la Ley del Sistema Financiero y 1676 del Código de Comercio, previa presentación por parte de cada uno de los profesionales del derecho, dentro de los treinta (30) días calendarios siguientes a la fecha de la declaración de liquidación, de un informe que indique el monto de los honorarios y el estado en que se encuentran los asuntos a él encomendados, acompañado de toda la documentación de la institución en liquidación que tenga en su poder. Y demás disposiciones de la citada Ley. **6.** Nómbrese como liquidador por el tiempo que se requieran sus servicios al Señor Evasio Agustín Asencio Rodríguez, quien cumplirá su cometido observando las disposiciones de la Ley del Sistema Financiero, supletoriamente el Código de Comercio y por las instrucciones que reciba de la Comisión Nacional de Bancos y Seguros. **7.** Instruir a la Secretaria General de la Comisión para que proceda a comunicar al Banco Central de Honduras y al Fondo de Seguro de Depósito (FOSEDE) la presente resolución, para que dichas instituciones procedan a cumplir sus obligaciones conforme a Ley. **8.** Instruir a la Secretaria General de la Comisión Nacional de Bancos y Seguros, para que proceda a comunicar a los registradores mercantiles, el nombramiento del Señor Evasio Agustín Asencio Rodríguez como liquidador de BANCO CONTINENTAL, S.A., para que procedan a su inscripción sin más trámites, para los efectos legales tal como lo manda el Artículo 120 de la Ley del Sistema Financiero. **9.** Notificar la presente resolución al Representante Legal de BANCO CONTINENTAL, S.A., de forma electrónica de conformidad con lo indicado en la Ley de Procedimiento Administrativo, según las direcciones electrónicas proporcionadas por BANCO CONTINENTAL, S.A., para efecto de recibir las notificaciones para los efectos legales correspondientes. **10.** El representante legal de BANCO CONTINENTAL, S.A., debe hacer del conocimiento del Consejo de Administración y de todos los funcionarios de la Institución, de manera inmediata la presente resolución. **11.** Contra la presente resolución solo procede el recurso de reposición, el cual podrá interponerse dentro de las veinticuatro (24) horas siguientes a la notificación de esta resolución. **12.** Esta Resolución es de ejecución inmediata. ... Queda aprobado por unanimidad. ... **F) ETHEL DERAS ENAMORADO,** Presidenta; **JOSÉ ADONIS LAVAIRE FUENTES,** Comisionado Propietario; **ROBERTO CARLOS SALINAS,** Comisionado Propietario; **MAURA JAQUELINE PORTILLO G.,** Secretaria General".

Y para los fines correspondientes se extiende la presente en la ciudad de Tegucigalpa, Municipio del Distrito Central, a los nueve días del mes de octubre de dos mil quince.



**MAURA JAQUELINE PORTILLO G.**
Secretaria General



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Alyssa Mullally, hereby certify that the document **"Honduran Banking Commission Resolution SB No. 1034 09-15-2015."** is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Alyssa Mullally

Sworn to before me this
January 15, 2020

Signature, Notary Public

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
STATE OF NEW YORK
PUBLIC

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 6TH FLOOR, NEW YORK, NY 10001 | T 212.400.8840 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

**Exhibit 1B**

[stamp:] [illegible]          ***National Banking and Insurance Commission***
                             *Tegucigalpa, M.D.C. Honduras*

## CERTIFICATION

The undersigned Secretary General of the National Banking and Insurance Commission CERTIFIES the relevant section of the Minutes of Session No. 1092, held in Tegucigalpa, Municipality of the Central District, on February fifteenth, two thousand seventeen, with the attendance of the Commissioners ETHEL DERAS ENAMORADO, Chairwoman; JOSE ADONIS LAVAIRE FUENTES, Proprietary Commissioner; EVASIO AGUSTIN ASENCIO R.; Proprietary Commissioner; MAURA JAQUELINE PORTILLO G., Secretary General; who states: "…**2. Matters of the Superintendence of Banks and Other Financial Institutions**: section **a) … SBO RESOLUTION No. 113/15-02-2017**.- The National Banking and Insurance Commission, **CONSIDERING (1):** That through SB Resolution No. 1034/09-10-2015 of October 9, 2015, the National Banking and Insurance Commission resolved, among other matters: "**1.** To declare the forced liquidation of BANCO CONTINENTAL, S.A., for having incurred the following grounds for liquidation: a) The capital cushion index of the Institution is five point twenty percent (5.20%), which is less than six percent (6%), equivalent to sixty percent (60%) of the minimum level required in accordance with the provisions of Article 37 of the Financial System Law; and b) The regularization plan required cannot be implemented due to the impossibility of operating under normal conditions. **2.** To cancel the authorization to operate as a banking institution… **6.** Mr. Evasio Agustin Asencio Rodriguez is appointed as liquidator for the time required of his services, who shall comply with the duty by observing the provisions of the Financial System Law, alternatively the Commercial Code and with the instructions he receives from the National Banking and Insurance Commission…", said Resolution was notified on October 10, 2015. **CONSIDERING (2):** That through SB Resolution No. 1035/09-10-2015 of October 9, 2015, the National Banking and Insurance Commission resolved: **1.** To declare the invalidity of the document submitted by the attorney Melida Tula Benitez as an appeal for reversal, who claims to appear in her capacity as attorney-in-fact of BANCO CONTINENTAL, S.A. **2.** To ratify in each and one of its parts SB Resolution No. 1034/09-10-2015. **3.** To notify this resolution to the attorney Melida Tula Benitez, in the capacity she claims to have, electronically in accordance with the provisions of the Law of Administrative Procedure, according to the electronic addresses provided by BANCO CONTINENTAL, S.A., in order to receive the notifications for the corresponding legal purposes. **4.** To instruct the Secretary General of the National Banking and Insurance Commission to proceed with informing the Public Prosecutor's Office, the Central Bank of Honduras and the Deposit Insurance Fund (FOSEDE), for the corresponding legal purposes. **5.** This resolution ends the administrative channel and is immediately enforceable. …" said Resolution was notified on October 11, 2015. **CONSIDERING (3):** That on October 21, 2015, the Treasury Department, through the Office of Foreign Asset Control (OFAC), issued "**General License No. 1 to Authorize Certain Transactions and Activities to Liquidate and Close Banco Continental, S.A.".** The authorization had a deadline of 12:01 a.m. Eastern Standard Time on December 12, 2015. Through General License No.1A, the deadline was extended to 12:01 a.m. Eastern Standard Time on June 12, 2016. Through General License No. 1B, the deadline was extended to 12:01 a.m. Eastern Standard Time on December 2, 2016; and General License No. 1C, the deadline was extended to 12:01 a.m. Eastern Standard Time on June 14, 2017. **CONSIDERING (4):** That SB Resolution No. 1034/09-10-2015 of October 9, 2015, issued by the National Banking and Insurance Commission in its section 6 that refers to the appointment of the Liquidator, was modified through SB resolutions No. 1099/09-11-2015, SB No. 020/11-01-2016, appointing instead of the Liquidator a Liquidating Board of BANCO CONTINENTAL, S.A., the latter being comprised by the Mr. Roberto Antonio Jerez Martinez, Official of the National Banking and Insurance Commission, Mr. Jose Rolando Arriaga Mancia and Mr. Oscar Andres Colomer Zelaya, whereby this Liquidating Board was ratified through GA Resolutions No. 151-A/07-03-2016, GA No. 481/13-06-2016, GAD No. 002/05-01-2017 and GAD No. 083/30-01-2017, who shall comply with their duties, observing the provisions of the Financial System Law, alternatively the Commercial Code and with the instructions they receive from the National Banking and Insurance Commission. This Liquidating Board shall provide its professional services full-time and continuously, seeking at all times to carry out the liquidation process with the greatest celerity and diligence possible, within the term established by the Commission. **CONSIDERING (5):** That through the summons of May 6, 2016, the Financial System Institutions were invited to submit offers to participate in the Public Auction Process for Contracting of Fiduciary Services for

[right margin:] [stamp:] NATIONAL BANKING AND INSURANCE COMMISSION
                        SECRETARY GENERAL
                        HONDURAS, C.A.                              Page 1

[stamp:] [illegible]          ***National Banking and Insurance Commission***
                                        *Tegucigalpa, M.D.C. Honduras*

the Sale, Lease, Usufruct or any Contract permitted by the Current Legislation of Potential Assets and Fixed Assets of Banco Continental, S.A. in Forced Liquidation, through a Trust Administration Agreement, indicating that the opening of offers would be held on May 24, 2016 at 10:00 a.m. in the Multi-Purpose Room of the National Banking and Insurance Commission. That on the aforementioned date for the receipt and opening of offers, no bidder appeared, whereby the Liquidating Board, through Mr. Roberto A. Jerez, authorized through SB Resolution No. 305/20-04-2016, declared the Auction VOID, as recorded in the Minutes prepared for this purpose. **CONSIDERING (6):** That on December 7, 2016, the Liquidating Board invited the banking institutions of the National Financial System to participate in the auction for the awarding of Trust Administration Agreement for the Sale or Execution of the Shares and Interests that BANCO CONTINENTAL, S.A. in Forced Liquidation reports in its financial statements as of October 9, 2015, indicating as the date for the opening of offers December 16, 2016, whereby only BANCO DE LOS TRABAJADORES S.A. and BANCO ATLANTIDA S.A. submitted offers, whereby the trust was awarded to BANCO ATLANTIDA, S.A., considering that it submitted the most favorable offer for the Liquidation, which is recorded in the minutes that were prepared for this purpose. However, on January 31, 2017, Mr. Manuel Alvarado, Fiduciary Representative and Delegate of BANCO ATLANTIDA, S.A. sent a note to the Liquidating Board of BANCO CONTINENTAL, S.A. indicating that said Institution was unable to continue with the following phases of the process for the sale of the shares, as its technical team considered that the draft trust agreement was not consistent with the interests and terms that said Institution proposed for the handling of said banking operation. **CONSIDERING (7):** That through the measure of February 6, 2017, the National Banking and Insurance Commission acknowledged receipt of the PROGRESS REPORT ON THE FORCED LIQUIDATION OF BANCO CONTINENTAL, S.A. of January 23, 2017, submitted by the Liquidating Board of BANCO CONTINENTAL in Forced Liquidation. Subsequently, through the measure of February 8, 2017, the National Banking and Insurance Commission acknowledged receipt of the supplement to the aforementioned report from the Liquidating Board of BANCO CONTINENTAL, S.A., in which it details the balances of the financial components to be liquidated and the considerations to complete the liquidation process, making reference to the progress from the start of the liquidation declared by the National Banking and Insurance Commission through SB Resolution No. 1034/09-10-2015, indicating that on December 31, 2016, with respect to the adjusted balance sheet figures, the process advanced approximately 65.6%. **CONSIDERING (8):** That the Financial System Law in its Article 120 indicates that the Commission may also entrust the administration of the forced liquidation process to one or more trustees; in which case, the latter shall assume all obligations, rights and powers of the liquidator. **CONSIDERING (9):** That the Financial System Law in its Article 134 indicates that the liquidator or liquidators shall render account of their acts to the Commission every three (3) months and a report on the status of the liquidation. The Commission however, may ask the liquidator or liquidators to render accounts or reports on the status of the works whenever it deems it opportune. **CONSIDERING (10):** That the Financial System Law in its Article 136 indicates that the Commission, without responsibility on its part, may cancel the appointment of the liquidator or liquidators when their services are no longer necessary for the liquidation process. The provisions of this article shall not interrupt the continuation of the liquidation. **CONSIDERING (11):** That in the supplementary report on the progress of the forced liquidation process of BANCO CONTINENTAL, S.A., the Liquidating Board of BANCO CONTINENTAL, S.A. in Forced Liquidation concludes and recommends: "**1.** The balances of the Credit Portfolio and the balances in Various Receivables described in Note A) 73.3% had already been awarded and/or placed in the Trust Administration with BANCO DE LOS TRABAJADORES, S.A., 39.5% of which, equivalent to L853.7 million, to be reimbursed by the Bank, resulted in the liquidation covering the same amount as the overdraft deposits, and 33.9% corresponds to the balance of which was already placed in the TRUST of the portfolio administered at BANCO DE LOS TRABAJADORES, S.A. The initial amount of the reimbursement proposed by BANCO DE LOS TRABAJADORES, S.A. totaled L927.0 million lempiras, which were part of the portfolio awarded in the asset unit, and which due to problems with collection of the same, they decided to reimburse said portfolio amount. The Liquidation, before accepting, proceeded jointly with Bank personnel to review case-by-case, resulting in

[stamp:] [illegible]        ***National Banking and Insurance Commission***
*Tegucigalpa, M.D.C. Honduras*

adjustments that reduced the proposed amount to L853.7 million, which was accepted by both parties, as confirmed with the signed Assistance Report, a copy of which is attached, where the grounds for the reimbursement are indicated. Having complied with the auction process of the asset units referenced in Article 140 of the Financial System Law and as said portfolio was reimbursed, this circumstance authorizes the Liquidation to proceed with directly awarding, in accordance with Article 140 and the provisions of Chapter II of the Financial System Law, "On Forced Liquidation and the Restitution Mechanism", as the reimbursed portfolio was included in the asset unit awarded to BANCO DE LOS TRABAJADORES, S.A. **2.** The shares for interest in the share capital of BANCO DE OCCIDENTE, S.A. in BANCO POPULAR S.A. and in Bladex were submitted to the auction process, and it was awarded to BANCO ATLANTIDA, S.A., which subsequently stated that it could not continue with the process defined for the sale of these shares, whereby the auction procedure contained in the Financial System Law in its Article 127, section 9) was carried out. However, the awarded trust agreement could not be formalized due to the reasons argued by BANCO ATLANTIDA, S.A., which are cited in Recital (6) of this Resolution. **3.** Additionally, on May 6, 2016, the Liquidating Board of BANCO CONTINENTAL, S.A. summoned the Financial System Institutions to submit offers to participate in the singing of a Trust Agreement for the sale of these assets; indicating May 24, 2016 as the date for submission of offers; however, no bidder appeared, as recorded in the minutes of May 24 prepared by the Liquidating Board for this purpose; therefore, in accordance with the established procedures, the auction was declared VOID in said act. Consequently, in accordance with the provisions of the Financial System Law, the awarding or direct sale of this type of asset was carried out. Moreover, said report indicates that "having analyzed the various options taken into consideration by the liquidators and their technical personnel and to continue with the restitution process and finalization of the liquidation expeditiously and opportunely so that no loss in asset value is generated and by virtue of the fact that the process was completed to award the credit portfolio indicated bylaw and that, additionally, the financial system institutions were invited to submit offers to participate in the auction of trust administration agreements for the sale of shares and interests, as well as the auction of potential assets and fixed assets of the institution in forced liquidation, procedures through which the assets and monetary holdings of the institution in the liquidation process were not awarded and that in addition, one of the asset units awarded in the auction to BANCO DE LOS TRABAJADORES, S.A. on September 8, 2016 was reimbursed by said institution for the reasons presented in this Recital. Consequently, the Liquidating Board, having exhausted all procedures ordered by the Financial System Law, proceeded to directly negotiate with BANCO DE LOS TRABAJADORES, S.A. on the cash payment of the L853.7 million to cover the overdraft of the public deposits, in exchange for its administration through a Trust Administration and Payment all assets and all obligations pending liquidation of BANCO CONTINENTAL, S.A. in Forced Liquidation with balance sheet figures as of December 31, 2016; proposal that was accepted by BANCO DE LOS TRABAJADORES, S.A.". **CONSIDERING (12):** That in its technical opinion, the Superintendence of Banks and Other Financial Institutions concludes and recommends: "**1.** To acknowledge receipt of the Progress Report on Forced Liquidation of BANCO CONTINENTAL, S.A. of January 23, 2017 and the supplement of January 31, 2017, submitted by the Liquidating Board of BANCO CONTINENTAL, S.A. **2.** To entrust under a trust administration agreement of the forced liquidation process of BANCO CONTINENTAL, S.A. to BANCO DE LOS TRABAJADORES, S.A. a financial system institution, whereby the latter assumes all obligations, rights and powers of the Liquidating Board, in accordance with Articles 120, 123, 124, 125, 126, 127, 130, 131, 132 and 134 of the Financial System Law. **3.** To authorize the Chairwoman Ethel Deras Enamorado, in her capacity as Legal Representative of the National Banking and Insurance Commission, to appear before a notary to sign the Trust Administration and Payment Agreement of what remains to be liquidated in the financial statements as of December 31, 2016 of BANCO CONTINENTAL, S.A. in Forced Liquidation, with BANCO DE LOS TRABAJADORES, S.A., under the terms and conditions of the draft agreement prepared by the Liquidating Board, the Superintendence of Banks and Other Financial Institutions and the Legal Advisory Office of the National Banking and Insurance Commission, which forms part of this Resolution and is

[right margin:] [stamp:] NATIONAL BANKING AND INSURANCE COMMISSION
SECRETARY GENERAL
HONDURAS, C.A.        Page 3

[stamp:] [illegible] *National Banking and Insurance Commission*
*Tegucigalpa, M.D.C. Honduras*

attached hereto. The proprietary ownership of the assets placed in the trust must be exercised by the Trustee once the Trust Agreement has been recorded in the corresponding Public Registries. **4.** Once the Trust Administration and Payment Agreement with BANCO DE LOS TRABAJADORES, S.A. takes effect, the latter whom shall assume legal representation of BANCO CONTINENTAL, S.A. in Forced Liquidation, the appointment of the members of the Liquidating Board shall be cancelled. **5.** For purposes of the liquidation not being deprived of Legal Representation, the Administrative Management is instructed to renew the contracts of the Members of the Liquidating Board of BANCO CONTINENTAL, S.A., where applicable, until the date on which the recording of the Trust Agreement in the corresponding Registry takes effect, through which the assets of the Liquidation of BANCO CONTINENTAL, S.A. shall be transferred to BANCO DE LOS TRABAJADORES, S.A. **6.** Based on the fact that Mr. Roberto Antonio Jerez Martinez shall serve as a member of the Liquidating Board of BANCO CONTINENTAL, S.A. until the Trust Agreement has been recorded and is an official of the Commission, he is designated for the time considered necessary in order to coordinate the transition process and the transfer of the assets included in the trust agreement to the Trustee and to certify the figures referenced in the second clause of the draft trust agreement, with the understanding that once said agreement takes effect, the decision-making shall be entrusted to the Fiduciary Bank. **7.** BANCO DE LOS TRABAJADORES, S.A. must render a report on the status of the liquidation process of BANCO CONTINENTAL, S.A. within the term of ten (10) business days, starting from the date on which they assume the powers of the liquidator, according to the provisions of Article 137 of the Financial System Law. **8.** To instruct the Secretary General of the National Banking and Insurance Commission to proceed with communicating to the commercial registries the issued Resolution and signing of the Trust Agreement, for their recording and to take all corresponding legal effects. **9.** To notify the issued Resolution, in legal and proper form to Mr. Roberto Antonio Jerez Martinez, Mr. Jose Rolando Arriaga M. and Mr. Oscar Andres Colomer Zelaya, in their capacity as members of the Liquidating Board of BANCO CONTINENTAL, S.A. and to BANCO DE LOS TRABAJADORES, S.A., for the corresponding legal purposes" **CONSIDERING (13):** That in accordance with the Law of Administrative Procedure, Article 72, the Legal Advisory Office issued a legal opinion in the following terms: Having viewed and analyzed the request, based on the cited legal provisions and the technical opinion issued by the Superintendence of Banks and Other Financial Institutions, which analyzed the Progress Report of the Forced Liquidation of BANCO CONTINENTAL, S.A. of January 23, 2017 and the supplement of January 31, 2017, submitted by the Liquidating Board of BANCO CONTINENTAL, S.A., the Legal Advisory Office is of the opinion that: 1) Having received the Progress Report on the Forced Liquidation of BANCO CONTINENTAL, S.A. of January 23, 2017 and the supplement of January 31, 2017, submitted by the Liquidating Board of BANCO CONTINENTAL, S.A., 2) To entrust under a trust agreement the administration of the forced liquidation process of BANCO CONTINENTAL, S.A. to BANCO DE LOS TRABAJADORES, S.A., a financial system institution, whereby the latter assumes all obligations, rights and powers of the Liquidating Board, in accordance with Articles 120, 123, 124, 125, 126, 127, 130, 131, 132 and 134 of the Financial System Law. 3) To authorize the Chairman Ethel Deras Enamorado, in her capacity as Legal Representative of the National Banking and Insurance Commission, to appear before a notary to sign the Trust Administration and Payment Agreement of what remains to be liquidated in the financial statements as of December 31, 2016 of BANCO CONTINENTAL, S.A. in Forced Liquidation, with BANCO DE LOS TRABAJADORES, S.A., under the terms and conditions of the draft agreement prepared by the Liquidating Board, the Superintendence of Banks and Other Financial Institutions and the Legal Advisory Office of the National Banking and Insurance Commission, which forms part of this Resolution and is attached hereto. The proprietary ownership of the assets placed in the trust must be exercised by the Trustee once the Trust Agreement has been recorded in the corresponding Public Registries. 4) Once the Trust Administration and Payment Agreement with BANCO DE LOS TRABAJADORES, S.A. takes effect, the latter whom shall assume legal representation of BANCO CONTINENTAL, S.A. in Forced Liquidation, the appointment of the members of the Liquidating Board shall be cancelled. 5) For purposes of the liquidation not being deprived of Legal Representation, the Administrative Management is instructed to renew the contracts of the Members of the

[stamp:] [illegible]          ***National Banking and Insurance Commission***
                              *Tegucigalpa, M.D.C. Honduras*

Liquidating Board of BANCO CONTINENTAL, S.A., where applicable, until the date on which the recording of the Trust Agreement in the corresponding Registry takes effect, through which the assets of the Liquidation of BANCO CONTINENTAL, S.A. shall be transferred to BANCO DE LOS TRABAJADORES, S.A. 6) Based on the fact that Mr. Roberto Antonio Jerez Martinez shall serve as a member of the Liquidating Board of BANCO CONTINENTAL, S.A. until the Trust Agreement has been recorded and is an official of the Commission, he is designated for the time considered necessary in order to coordinate the transition process and the transfer of the assets included in the trust agreement to the Trustee and to certify the figures referenced in the second clause of the draft trust agreement, with the understanding that once said agreement takes effect, the decision-making shall be entrusted to the Fiduciary Bank. 7) BANCO DE LOS TRABAJADORES, S.A. must render a report on the status of the liquidation process of BANCO CONTINENTAL, S.A. within the term of ten (10) business days, starting from the date on which they assume the powers of the liquidator, according to the provisions of Article 137 of the Financial System Law. 8) To instruct the Secretary General of the National Banking and Insurance Commission to proceed with communicating to the commercial registries the issued Resolution and signing of the Trust Agreement, for their recording and to take all corresponding legal effects. 9) To notify the issued Resolution, in legal and proper form to Mr. Roberto Antonio Jerez Martinez, Mr. Jose Rolando Arriaga M. and Mr. Oscar Andres Colomer Zelaya, in their capacity as members of the Liquidating Board of BANCO CONTINENTAL, S.A. and to BANCO DE LOS TRABAJADORES, S.A., for the corresponding legal purposes. **CONSIDERING (14):** That based on the opinions issued by the Superintendence of Banks and Other Financial Institutions and the Legal Advisory Office, it is valid to rule in the terms indicated in Recitals (12) and (13) of this Resolution. **THEREFORE:** Based on Articles 245, section 31) of the Constitution of the Republic; 1, 6, 8 and 13 of the National Banking and Insurance Commission Law; 1, 46, section 10), 52, 53, 115, 118, 120, 123, 124, 125, 126, 127, 131, 132, 133, 134, 135, 136, 138 and 139 of the Financial System Law; 1033 and 1034 of the Commercial Code; 72 of the Law of Administrative Procedure; and based on the opinions of the Superintendence of Banks and Other Financial Institutions and the Legal Advisory Office of the National Banking and Insurance Commission; **RESOLVES: I.** To adopt the technical recommendations of the Superintendence of Banks and Other Financial Institutions and the Legal Advisory Office of the National Banking and Insurance Commission, and consequently: **1.** To acknowledge receipt of the Progress Report on the Forced Liquidation of BANCO CONTINENTAL, S.A. of January 23, 2017 and the supplement of January 31, 2017, submitted by the Liquidating Board of BANCO CONTINENTAL, S.A. **2.** To entrust under a trust administration agreement of the forced liquidation process of BANCO CONTINENTAL, S.A. to BANCO DE LOS TRABAJADORES, S.A. a financial system institution, whereby the latter assumes all obligations, rights and powers of the Liquidating Board, in accordance with Articles 120, 123, 124, 125, 126, 127, 130, 131, 132 and 134 of the Financial System Law. **3.** To authorize the Chairwoman Ethel Deras Enamorado, in her capacity as Legal Representative of the National Banking and Insurance Commission, to appear before a notary to sign the Trust Administration and Payment Agreement of what remains to be liquidated in the financial statements as of December 31, 2016 of BANCO CONTINENTAL, S.A. in Forced Liquidation, with BANCO DE LOS TRABAJADORES, S.A., under the terms and conditions of the draft agreement prepared by the Liquidating Board, the Superintendence of Banks and Other Financial Institutions and the Legal Advisory Office of the National Banking and Insurance Commission, which forms part of this Resolution and is attached hereto. The proprietary ownership of the assets placed in the trust must be exercised by the Trustee once the Trust Agreement has been recorded in the corresponding Public Registries. **4.** Once the Trust Administration and Payment Agreement with BANCO DE LOS TRABAJADORES, S.A. takes effect, the latter whom shall assume legal representation of BANCO CONTINENTAL, S.A. in Forced Liquidation, the appointment of the members of the Liquidating Board shall be cancelled. **5.** For purposes of the liquidation not being deprived of Legal Representation, the Administrative Management is instructed to renew the contracts of the Members of the Liquidating Board of BANCO CONTINENTAL, S.A., where applicable, until the date on which the recording of the Trust Agreement in the corresponding Registry takes effect, through which the assets of the Liquidation of BANCO CONTINENTAL, S.A. shall be transferred to BANCO DE LOS TRABAJADORES, S.A. **6.** Based on the fact that Mr. Roberto Antonio

[stamp:] [illegible]          ***National Banking and Insurance Commission***
*Tegucigalpa, M.D.C. Honduras*

Jerez Martinez shall serve as a member of the Liquidating Board of BANCO CONTINENTAL, S.A. until the Trust Agreement has been recorded and is an official of the Commission, he is designated for the time considered necessary in order to coordinate the transition process and the transfer of the assets included in the trust agreement to the Trustee and to certify the figures referenced in the second clause of the draft trust agreement, with the understanding that once said agreement takes effect, the decision-making shall be entrusted to the Fiduciary Bank. **7.** BANCO DE LOS TRABAJADORES, S.A. must render a report on the status of the liquidation process of BANCO CONTINENTAL, S.A. within the term of ten (10) business days, starting from the date on which they assume the powers of the liquidator, according to the provisions of Article 137 of the Financial System Law. **8.** To instruct the Secretary General of the National Banking and Insurance Commission to proceed with communicating to the commercial registries the issued Resolution and signing of the Trust Agreement, for their recording and to take all corresponding legal effects. **9.** To notify the issued Resolution, in legal and proper form to Mr. Roberto Antonio Jerez Martinez, Mr. Jose Rolando Arriaga M. and Mr. Oscar Andres Colomer Zelaya, in their capacity as members of the Liquidating Board of BANCO CONTINENTAL, S.A. and to BANCO DE LOS TRABAJADORES, S.A., for the corresponding legal purposes" **10.** This Resolution is immediately enforceable…It is unanimously approved. **F)** **ETHEL DERAS ENAMORADO,** Chairman; **JOSE ADONIS LAVAIRE FUENTES,** Proprietary Commissioner; **EVASIO AGUSTIN ASENCIO R.,** Proprietary Commissioner; **MAURA JAQUELINE PORTILLO G.,** Secretary General".

And for the corresponding purposes, this Resolution is issued in the city of Tegucigalpa, Municipality of the Central District, on February fifteenth, two thousand seventeen.

[stamp:] NATIONAL BANKING AND INSURANCE COMMISSION
SECRETARY GENERAL
HONDURAS, C.A.

**MAURA JAQUELINE PORTILLO G**
**Secretary General**

[stamp:]  CCIC                                                      [stamp:] COMMERCIAL REGISTRY
ASSOCIATED CENTER                                        ASSOCIATED CENTER
COMMERCIAL REGISTRY                                    REGISTRATION: [hw:] *79018*
REGISTRY OFFICE OF: [handwritten:] *SBS*          RECORDED WITH SUBMISSION: [hw:] *64282*
SUBMISSION ACCORDING TO ENTRY No. [hw:] *624282*   SAN PEDRO SULA *02-28-2017*
OF THE COMMERCIAL ELECTRONIC DAILY          [signature]
SAN PEDRO SULA [hw:] *02-27-2017*                     REGISTRAR
                        DATE
[signature]
REGISTRAR

[stamp:]   ASSOCIATED CENTER
[logo]
COMMERCIAL REGISTRY
SAN PEDRO SULA

Page 6



## CERTIFICACIÓN

La infrascrita Secretaria General de la Comisión Nacional de Bancos y Seguros CERTIFICA la parte conducente del Acta de la Sesión No.1092 celebrada en Tegucigalpa, Municipio del Distrito Central al quince de febrero de dos mil diecisiete, con la asistencia de los Comisionados **ETHEL DERAS ENAMORADO**, Presidenta; **JOSÉ ADONIS LAVAIRE FUENTES**, Comisionado Propietario; **EVASIO AGUSTIN ASENCIO R.**; Comisionado Propietario; **MAURA JAQUELINE PORTILLO G.**, Secretaria General; que dice: "... 2. **Asuntos de la Superintendencia de Bancos y Otras Instituciones Financieras:** literal a) ... **RESOLUCIÓN SBO No.113/15-02-2017.**- La Comisión Nacional de Bancos y Seguros, **CONSIDERANDO (1):** Que mediante Resolución SB No.1034/09-10-2015 de fecha 9 de octubre de 2015, la Comisión Nacional de Bancos y Seguros, entre otros resolvió: "1. Declarar la liquidación forzosa de BANCO CONTINENTAL, S.A., por haber incurrido en las causales de liquidación siguientes: a) El índice de adecuación de capital de la Institución es de cinco punto veinte por ciento (5.20%) el cual es inferior al seis por ciento (6%), equivalente al sesenta por ciento (60%) del nivel mínimo requerido de conformidad con lo establecido en el Artículo 37 de la Ley del Sistema Financiero; y b) El plan de regularización requerido no se puede implementar por la imposibilidad de operar en condiciones normales. 2. Cancelar la autorización para operar como institución bancaria... 6. Nómbrese como liquidador por el tiempo que se requieran sus servicios al Señor Evasio Agustín Asencio Rodríguez, quien cumplirá su cometido observando las disposiciones de la Ley del Sistema Financiero, supletoriamente el Código de Comercio y por las instrucciones que reciba de la Comisión Nacional de Bancos y Seguros...", dicha Resolución fue notificada el 10 de octubre de 2015. **CONSIDERANDO (2):** Que mediante Resolución SB No.1035/09-10-2015 de fecha 9 de octubre de 2015, la Comisión Nacional de Bancos y Seguros, resolvió: **1.** Declarar sin lugar el escrito presentado por la Abogada Mélida Tula Benítez como recurso de reposición, quien dice comparecer en su condición de apoderada de BANCO CONTINENTAL, S.A. **2.** Ratificar en cada una de sus partes la Resolución SB No.1034/09-10-2015. **3.** Notificar la presente resolución a la Abogada Mélida Tula Benítez, en la condición que aduce tener, de forma electrónica de conformidad con lo indicado en la Ley de Procedimiento Administrativo, según las direcciones electrónicas proporcionadas por BANCO CONTINENTAL, S.A., a efecto de recibir las notificaciones para los efectos legales correspondientes. **4.** Instruir a la Secretaria General de la Comisión Nacional de Bancos y Seguros, para que proceda a comunicar al Ministerio Público, al Banco Central de Honduras y al Fondo de Seguro de Depósitos (FOSEDE), para los efectos legales que correspondan. **5.** Esta resolución pone fin a la vía administrativa y es de ejecución inmediata. ..." dicha Resolución fue notificada el 11 de octubre de 2015. **CONSIDERANDO (3):** Que en fecha 21 de octubre del año 2015, el Departamento del Tesoro a través de la Oficina de Control de Activos Extranjeros (OFAC) emitió **"Licencia General No.1 para Autorizar Ciertas Transacciones y Actividades para Liquidar y Cerrar el Banco Continental, S.A."**. La autorización tenía plazo límite hasta las 12:01 am hora del este del 12 de diciembre de 2015. Mediante Licencia General No.1A el plazo fue ampliado hasta las 12:01 a.m. horario del Este, el 12 de junio de 2016. Mediante Licencia General No.1B el plazo fue ampliado hasta las 12:01 a.m. horario del Este, el 2 de diciembre de 2016; y Licencia General No.1C, el plazo fue ampliado hasta las 12:01 a.m. horario del Este, del 14 de junio de 2017. **CONSIDERANDO (4):** Que la Resolución SB No.1034/09-10-2015 de fecha 9 de octubre de 2015 emitida por la Comisión Nacional de Bancos y Seguros en su numeral 6 que se refiere al nombramiento del Liquidador, fue modificada mediante Resoluciones SB No.1099/09-11-2015, SB No.020/11-01-2016, nombrándose en lugar del Liquidador una Junta Liquidadora de BANCO CONTINENTAL, S.A., siendo la última la integrada por los Señores Roberto Antonio Jerez Martínez, Funcionario de la Comisión Nacional de Bancos y Seguros, José Rolando Arriaga Mancía y Oscar Andrés Colomer Zelaya, ratificándose a esta Junta Liquidadora mediante Resoluciones GA No.151-A/07-03-2016, GA No.481/13-06-2016, GAD No.002/05-01-2017 y GAD No.083/30-01-2017, quienes cumplirán su cometido, observando las disposiciones de la Ley del Sistema Financiero, supletoriamente el Código de Comercio y por las instrucciones que reciban de la Comisión Nacional de Bancos y Seguros. Esta Junta Liquidadora prestara sus servicios profesionales a tiempo completo y continuo, procurando en todo momento llevar a cabo el proceso de liquidación con mayor celeridad y diligencia dentro del plazo establecido por la Comisión. **CONSIDERANDO (5):** Que mediante convocatoria del 6 de mayo de 2016, se invitó a las Instituciones del Sistema Financiero a presentar ofertas para participar en el Proceso de Subasta Pública de



Contratación de Servicios Fiduciarios para la Venta, Arrendamiento, Usufructo, o cualquier Contrato que permita la Legislación Vigente de Activos Eventuales y Activos Fijos de Banco Continental, S.A., en Liquidación Forzosa, mediante un Contrato de Fideicomiso de Administración, señalándose que la apertura de las ofertas se celebraría el 24 de mayo de 2016, a las 10:00 am, en el Salón de Usos Múltiples de la Comisión Nacional de Bancos y Seguros. Que en la fecha antes señalada para la recepción y apertura de las ofertas no se presentó ningún oferente, por lo cual la Junta Liquidadora, por medio del Licenciado Roberto A. Jerez, autorizado mediante Resolución SB No.305/20-04-2016, declaró DESIERTA la Subasta, tal y como consta en el Acta levantada para tal efecto. **CONSIDERANDO (6):** Que en fecha 7 de diciembre de 2016, la Junta Liquidadora invitó a las instituciones bancarias del Sistema Financiero Nacional a participar en la subasta para la adjudicación del Contrato de Fideicomiso de Administración para la Venta o Realización de las Acciones y Participaciones que BANCO CONTINENTAL, S.A., en Liquidación Forzosa reporta en sus estados financieros al 9 de octubre de 2015, señalándose como fecha para la apertura de las ofertas el 16 de diciembre del año 2016, presentando ofertas únicamente BANCO DE LOS TRABAJADORES, S.A. y BANCO ATLÁNTIDA, S.A., adjudicándose el fideicomiso a BANCO ATLÁNTIDA, S.A., en consideración a que presentó la oferta más favorable para la Liquidación, lo cual consta en el acta que se levantó para tal extremo. Sin embargo, el 31 de enero de 2017, el Señor Manuel Alvarado, Representante y Delegado Fiduciario de BANCO ATLÁNTIDA, S.A., envió nota a la Junta Liquidadora de BANCO CONTINENTAL, S.A. indicando que dicha Entidad tenía la imposibilidad para continuar con las siguientes etapas del proceso para la venta de las acciones, al haber considerado su equipo técnico que el borrador de contrato de fideicomiso no era consistente con los intereses y términos que dicha Institución proponía para el manejo de dicha operación bancaria. **CONSIDERANDO (7):** Que mediante providencia de fecha 6 de febrero de 2017, la Comisión Nacional de Bancos y Seguros, tuvo por recibido el INFORME SOBRE EL AVANCE DE LA LIQUIDACIÓN FORZOSA DE BANCO CONTINENTAL, S.A. de fecha 23 de enero de 2017, presentado por la Junta Liquidadora de BANCO CONTINENTAL, S.A., en liquidación forzosa. Posteriormente mediante providencia de fecha 8 de febrero de 2017, se tuvo por recibido por la Comisión Nacional de Bancos y Seguros complemento al informe antes mencionado de parte de la Junta Liquidadora de BANCO CONTINENTAL, S.A., en el cual detalla los saldos de los componentes financieros por liquidar y las consideraciones para completar el proceso de liquidación, haciendo referencia al grado de avance desde el inicio de la liquidación declarada por la Comisión Nacional de Bancos y Seguros mediante Resolución SB No.1034/09-10-2015, señalando que al 31 de diciembre de 2016, con relación con las cifras del balance ajustado, el proceso avanzó aproximadamente en un 65.6%. **CONSIDERANDO (8):** Que la Ley del Sistema Financiero en su Artículo 120 señala que la Comisión también podrá encomendar la administración del proceso de liquidación forzosa a uno o varios fiduciarios; en cuyo caso, estos asumirán todas las obligaciones, derechos y facultades del liquidador. **CONSIDERANDO (9):** Que la Ley del Sistema Financiero en su Artículo 134 señala que el liquidador o liquidadores rendirán cuenta de sus actos a la Comisión cada tres (3) meses y un informe sobre el estado de la liquidación. La Comisión, sin embargo, podrá pedir al liquidador o liquidadores que le rindan cuentas o informes sobre el estado de los trabajos, siempre que lo estime oportuno. **CONSIDERANDO (10):** Que la Ley del Sistema Financiero en su Artículo 136 señala que la Comisión, sin responsabilidad de su parte podrá cancelar el nombramiento del o los liquidadores cuando sus servicios ya no fueren necesarios para el proceso de liquidación. Lo dispuesto en este artículo no interrumpirá la continuación de la liquidación. **CONSIDERANDO (11):** Que en el informe complementario sobre el avance del proceso de liquidación forzosa de BANCO CONTINENTAL, S.A., la Junta Liquidadora de BANCO CONTINENTAL, S.A., en liquidación forzosa concluye y recomienda: "1. Los saldos de la Cartera Crediticia y los saldos en Deudores Varios descritos en Nota A) el 73.3% ya habían sido adjudicados y/o colocados en Fideicomiso de Administración con BANCO DE LOS TRABAJADORES, S.A., de los cuales un 39.5% equivalentes a L853.7 millones al ser devueltos por el Banco, ocasionaron que la liquidación cubriera por el mismo importe los depósitos en descubierto, y el 33.9% corresponde al saldo de lo que ya está colocado en Fideicomiso de cartera administrada en BANCO DE LOS TRABAJADORES, S.A. El monto inicial de la devolución propuesta por el BANCO DE LOS TRABAJADORES, S.A., totalizaba L927.0 millones de lempiras que eran parte de la cartera adjudicada en la unidad patrimonial, y que por problemas para el cobro de la misma, decidieron devolver dicho monto de cartera. La Liquidación antes de aceptar, procedió en conjunto con personal del Banco a revisar caso por caso, resultando ajustes que



disminuyeron el monto propuesto a L853.7 millones, que se aceptó por ambas partes, según se confirma con la Ayuda Memoria firmada, de la cual se adjunta copia, donde se señalan las causas de la devolución. Habiéndose cumplido el proceso de subasta de las unidades patrimoniales a que hace referencia el Artículo 140 de la Ley del Sistema Financiero y al haber sido devuelta, dicha cartera, esta circunstancia, faculta a la Liquidación para proceder a adjudicar en forma directa de conformidad con el Artículo 140 y lo indicado en el Capítulo II de la Ley del Sistema Financiero, "De la Liquidación Forzosa y del Mecanismo de Restitución", al incluirse la cartera devuelta de la unidad patrimonial adjudicada a BANCO DE LOS TRABAJADORES, S.A. **2.** Las acciones por participación en el capital social de BANCO DE OCCIDENTE, S.A. en BANCO POPULAR, S.A. y en Bladex, se sometieron al proceso de subasta, y fue adjudicado a BANCO ATLÁNTIDA, S.A., entidad que posteriormente expresó, que no podía continuar con el proceso definido para la venta de estas acciones, con lo cual se realizó el procedimiento de subasta que contempla la Ley del Sistema Financiero en su Artículo 127 numeral 9). No obstante que no se pudo formalizar el contrato de fideicomiso adjudicado por las razones argumentadas por BANCO ATLÁNTIDA, S.A. las cuales se refieren en el Considerando (6) de la presente Resolución. **3.** Por otra parte el 6 de mayo de 2016, la Junta Liquidadora de BANCO CONTINENTAL, S.A. convocó a las Instituciones del Sistema Financiero a presentar ofertas para participar en la suscripción de un contrato de Fideicomiso para la venta de estos activos; señalándose el 24 de mayo de 2016, como fecha para la presentación de ofertas, no obstante no se presentó ningún oferente, tal como consta en el acta de fecha 24 de mayo levantada por la Junta Liquidadora para tal efecto, por lo tanto, de acuerdo con los procedimientos establecidos se declaró DESIERTA la subasta en dicho acto. Por consiguiente, de acuerdo con lo establecido en la Ley del Sistema Financiero procede la adjudicación o venta directa de este tipo de activos". Asimismo, indica dicho informe que "analizadas las diversas opciones que se tomaron en consideración por parte de los liquidadores y su personal técnico y para continuar con el proceso de restitución y finalización de la liquidación de forma expedita y oportuna para que no se genere pérdida de valor de los activos y en virtud de que se cumplió con el proceso para adjudicar la cartera crediticia que señala la ley y que, por otra parte, se invitó a las instituciones del sistema financiero a presentar ofertas para participar en la subasta de contratos de fideicomiso de administración para la venta de las acciones y participaciones, así como también a la subasta de los activos eventuales y activos fijos de la institución en liquidación forzosa, procedimientos mediante los cuales no se logró adjudicar los activos y bienes patrimoniales de la institución en proceso de liquidación y que además una de las unidades patrimoniales adjudicadas en la subasta a BANCO DE LOS TRABAJADORES, S.A. en fecha 8 de septiembre de 2016 fue devuelta por dicha Institución por las razones expuestas en este Considerando. En consecuencia la Junta Liquidadora al haber agotado todos los procedimientos que manda la Ley del Sistema Financiero, procedió a negociar directamente con el BANCO DE LOS TRABAJADORES, S.A., el pago en efectivo de los L853.7 millones para cubrir el descubierto de los depósitos del público, a cambio de que administre por la vía de un Fideicomiso de Administración y Pago, todos los activos y todas las obligaciones pendientes de liquidar de BANCO CONTINENTAL, S.A., en Liquidación Forzosa con cifras de balance al 31 de diciembre de 2016; propuesta que fue aceptada por BANCO DE LOS TRABAJADORES, S.A.". **CONSIDERANDO (12):** Que en su dictamen técnico la Superintendencia de Bancos y Otras Instituciones Financieras, concluye y recomienda: "**1.** Tener por recibido el Informe sobre el Avance de la Liquidación Forzosa de BANCO CONTINENTAL, S.A. de fecha 23 de enero de 2017 y el complemento de fecha 31 de enero de 2017, presentado por la Junta Liquidadora de BANCO CONTINENTAL, S.A. **2.** Encomendar bajo un contrato de fideicomiso la administración del proceso de liquidación forzosa de BANCO CONTINENTAL, S.A. a BANCO DE LOS TRABAJADORES, S.A. institución del sistema financiero, asumiendo éste, todas las obligaciones, derechos y facultades de la Junta Liquidadora de conformidad con los artículos 120, 123, 124, 125, 126, 127, 130, 131, 132 y 134 de la Ley del Sistema Financiero. **3.** Autorizar a la señora Presidenta, Ethel Deras Enamorado, en su condición de Representante Legal de la Comisión Nacional de Bancos y Seguros para que comparezca ante Notario a suscribir Contrato de Fideicomiso de Administración y Pago de lo que resta por liquidar en los estados financieros al 31 de diciembre de 2016 de BANCO CONTINENTAL, S.A. en liquidación forzosa, con BANCO DE LOS TRABAJADORES, S.A., en los términos y condiciones del proyecto de contrato elaborado por la Junta Liquidadora, la Superintendencia de Bancos y Otras Instituciones Financieras y la Dirección de Asesoría Legal de la Comisión Nacional de Bancos y Seguros el cual forma parte de esta Resolución y que es anexo. La titularidad



dominical sobre los bienes constituidos en el fideicomiso deberá ejercerla el Fiduciario una vez que se haya inscrito el Contrato de Fideicomiso en los Registros Públicos correspondientes. 4. Una vez entre en vigencia el Contrato de Fideicomiso de Administración y Pago con BANCO DE LOS TRABAJADORES, S.A., quien asumirá la representación legal de BANCO CONTINENTAL, S.A. en liquidación forzosa, se proceda a cancelar el nombramiento de los miembros de la Junta Liquidadora. 5. A efecto de que la liquidación no quede sin Representación Legal se instruye a la Gerencia Administrativa para que se renueven los contratos de los Miembros de la Junta Liquidadora de BANCO CONTINENTAL, S.A., que correspondan, hasta la fecha en que surta efectos legales la inscripción en el Registro correspondiente el Contrato de Fideicomiso, mediante el cual se traspasan los bienes de la Liquidación de BANCO CONTINENTAL, S.A. a BANCO DE LOS TRABAJADORES, S.A. 6. Es razón de que el Licenciado Roberto Antonio Jerez Martínez, integrará como miembro de la Junta Liquidadora de BANCO CONTINENTAL, S.A., hasta que el contrato de Fideicomiso sea inscrito y siendo funcionario de la Comisión, se le designa por el tiempo que se estime necesario, para que coordine el proceso de transición y traspaso de los bienes objeto del contrato del fideicomiso al Fiduciario y para que certifique las cifras a que hace referencia la cláusula segunda del proyecto del contrato de fideicomiso, en el entendido de que una vez entre en vigencia dicho contrato la toma de decisiones corresponderá al Banco Fiduciario. 7. BANCO DE LOS TRABAJADORES, S.A. deberá rendir un informe sobre el estado del proceso de liquidación de BANCO CONTINENTAL, S.A. dentro del término de diez (10) días hábiles, contados a partir de la fecha de que asuman las funciones del liquidador, según lo establecido en el Artículo 137 de la Ley del Sistema Financiero. 8. Instruir a la Secretaría General de la Comisión Nacional de Bancos y Seguros para que proceda a comunicar a los registros mercantiles la Resolución que se emita y suscripción del Contrato de Fideicomiso, para su inscripción y que surta los efectos legales correspondientes. 9. Notificar la Resolución que se emita, en legal y debida forma a los Señores Roberto Antonio Jerez Martínez, José Rolando Arriaga M. y Oscar Andrés Colomer Zelaya en su condición de miembros de la Junta Liquidadora de BANCO CONTINENTAL, S.A. y a BANCO DE LOS TRABAJADORES, S.A., para los efectos legales correspondientes.". **CONSIDERANDO (13):** Que de conformidad con la Ley de Procedimiento Administrativo, Artículo 72, la Dirección de Asesoría Legal, emitió dictamen legal en los siguientes términos: Visto y analizado la solicitud de mérito, con fundamento en las disposiciones legales citadas y el dictamen técnico emitido por la Superintendencia de Bancos y Otras Instituciones Financieras, que realizó el análisis al Informe sobre el Avance de la Liquidación Forzosa de BANCO CONTINENTAL, S.A. de fecha 23 de enero de 2017 y el complemento de fecha 31 de enero de 2017, presentado por la Junta Liquidadora de BANCO CONTINENTAL, S.A., la Dirección de Asesoría Legal, es del parecer porque procede: 1) Tener por recibido el Informe sobre el Avance de la Liquidación de BANCO CONTINENTAL, S.A. de fecha 23 de enero de 2017 y el complemento de fecha 31 de enero de 2017, presentado por la Junta Liquidadora de BANCO CONTINENTAL, S.A. 2) Encomendar bajo un contrato de fideicomiso la administración del proceso de liquidación forzosa de BANCO CONTINENTAL, S.A. a BANCO DE LOS TRABAJADORES, S.A. Institución del sistema financiero, asumiendo éste, todas las obligaciones, derechos y facultades de la Junta de Liquidadores de conformidad con los artículos 120, 123, 124, 125, 126, 127, 130, 131, 132, 134 de la Ley del Sistema Financiero. 3) Autorizar a la señora Presidenta, Ethel Deras Enamorado, en su condición de Representante Legal de la Comisión Nacional de Bancos y Seguros para que comparezca ante Notario a suscribir Contrato de Fideicomiso de Administración y Pago de lo que resta por liquidar en los estados financieros al 31 de diciembre de 2016 de BANCO CONTINENTAL, S.A. en liquidación forzosa, con BANCO DE LOS TRABAJADORES, S.A., en los términos y condiciones del proyecto de contrato elaborado por la Junta Liquidadora, la Superintendencia de Bancos y Otras Instituciones Financieras y la Dirección de Asesoría Legal de la Comisión Nacional de Bancos y Seguros el cual forma parte de esta Resolución y que es anexo. La titularidad dominical sobre los bienes constituidos en el fideicomiso deberá ejercerla el Fiduciario una vez que se haya inscrito el Contrato de Fideicomiso en los Registros Públicos correspondientes. 4) Una vez entre en vigencia el Contrato de Fideicomiso de Administración y Pago con BANCO DE LOS TRABAJADORES, S.A., quien asumirá la representación legal de BANCO CONTINENTAL, S.A. en liquidación forzosa, se proceda a cancelar el nombramiento de los miembros de la Junta Liquidadora. 5) A efecto de que la liquidación no quede sin Representación Legal se instruye a la Gerencia Administrativa para que se renueven los contratos de los Miembros de la Junta Liquidadora de BANCO CONTINENTAL,

Help



Martínez, integrará como miembro de la Junta Liquidadora de BANCO CONTINENTAL, S.A., hasta que el contrato de Fideicomiso sea inscrito y siendo funcionario de la Comisión, se le designa por el tiempo que se estime necesario, para que coordine el proceso de transición y traspaso de los bienes objeto del contrato del fideicomiso al Fiduciario y para que certifique las cifras a que hace referencia la cláusula segunda del proyecto del contrato de fideicomiso, en el entendido de que una vez entre en vigencia dicho contrato la toma de decisiones corresponderá al Banco Fiduciario. 7. BANCO DE LOS TRABAJADORES, S.A. deberá rendir un informe sobre el estado del proceso de liquidación de BANCO CONTINENTAL, S.A. dentro del término de diez (10) días hábiles, contados a partir de la fecha de que asuman las funciones del liquidador, según lo establecido en el Artículo 137 de la Ley del Sistema Financiero. 8. Instruir a la Secretaría General de la Comisión Nacional de Bancos y Seguros para que proceda a comunicar a los registros mercantiles la presente Resolución y suscripción del Contrato de Fideicomiso, para su inscripción y que surta los efectos legales correspondientes. 9. Notificar la presente Resolución en legal y debida forma a los Señores Roberto Antonio Jerez Martínez, José Rolando Arriaga M. y Oscar Andrés Colomer Zelaya en su condición de miembros de la Junta Liquidadora de BANCO CONTINENTAL, S.A. y a BANCO DE LOS TRABAJADORES, S.A., para los efectos legales correspondientes. 10. La presente Resolución es de ejecución inmediata. ... Queda aprobado por unanimidad. ... F) **ETHEL DERAS ENAMORADO**, Presidenta; **JOSÉ ADONIS LAVAIRE FUENTES**, Comisionado Propietario; **EVASIO AGUSTIN ASENCIO R.**, Comisionado Propietario; **MAURA JAQUELINE PORTILLO G.**, Secretaria General".

Y para los fines correspondientes se extiende la presente en la ciudad de Tegucigalpa, Municipio del Distrito Central, a los quince días del mes de febrero de dos mil diecisiete.



MAURA JAQUELINE PORTILLO G.
Secretaria General



Pág.6



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Alyssa Mullally, hereby certify that the document **"Honduran Banking Commission Resolution SB No. 113 15-02-2017."** is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Alyssa Mullally

Sworn to before me this
January 15, 2020

Signature, Notary Public

Stamp, Notary Public

# Exhibit 1C

[handwritten:] *M-79018*

## REPUBLIC OF HONDURAS
[emblem]

# CERTIFIED COPY
# OF PUBLIC DEED

**No.** 14

*Of:* ESTABLISHMENT OF TRUST ADMINISTRATION AND PAYMENT _____
_____
_____

*Granted by:* NATIONAL BANKING AND INSURANCE COMMISSION and BANCO DE LOS TRABAJADORES_____

*To:* _____
_____
_____

| |
|---|
| **AUTHORIZED BY THE NOTARY** |
| |
| LUIS ENRIQUE GALEANO MILLA |
| |
| February   22   2017 |

*Banco Continental Liquidation*

*San Pedro Sula, Cortés Department, Honduras, C.A.*

February 27, 2017

**LIQ 69/2017**

Attorney
**CLAUDIA PONCE**
**Associated Center Registrar**
**Chamber of Commerce and Industry of Cortés**
City.

Dear Attorney Ponce:

We hereby request your cooperation in terms of recording the Certified Copy of Deed number 14, authorized by the notary LUIS ENRIQUE GALEANO MILLA, in the margin of registration 79018 of that registry under his diligent care, where the National Banking and Insurance Commission (C.N.B.S.) establishes with Banco de los Trabajadores a Trust Administration and Payment of the total assets and obligations payable of Banco Continental, S.A. in Forced Liquidation, as well as Resolution 113/15-02-2017 of the National Banking and Insurance Commission, preventing the payment of the registry fees or taxes, as they are exempt, in accordance with Article 147 of the Financial System [Law], which states verbatim: "**ARTICLE 147.- TAX EXEMPTION. The transfers of assets, liabilities, payments and services that are carried out based on restitution procedures shall be exempt from any tax. No deed duties or registry fees of any type shall be required for the filing of the corresponding entries in favor of the financial system institutions acquiring said assets and liabilities and, moreover, the legal fees shall be freely contracted by the parties.**"

With nothing further at this time, we extend our most esteemed consideration and respect.

**LIQUIDATING BOARD**

[signature]                                          [signature]
**ROBERTO ANTONIO JEREZ M.**          **JOSE ROLANDO ARRIAGA M.**
Member                                               Member

[signature]
**OSCAR ANDRES COLOMER ZELAYA**
Member

[stamp:] **LIQUIDATING BOARD**
BANCO CONTINENTAL, S.A.
LIQUIDATION
SAN PEDRO SULA, CORTES,
HONDURAS, C.A.

*SUPREME COURT OF JUSTICE*
*REPUBLIC OF HONDURAS, C.A.*

[emblem]
**SPECIAL NOTARIAL**
**PAPER**                    [stamp:] LUIS ENRIQUE GALEANO MILLA
TWENTY LEMPIRAS                    NOTARY
**2016-2019**                    Exequatur 1000
                    REPUBLIC OF HONDURAS, C.A.        [signature]
NO. 1302973

### CERTIFIED COPY

**INSTRUMENT NUMBER FOURTEEN (14).-** In the city of Tegucigalpa, on the twenty-second (22nd)

day of the month of February in the year two thousand seventeen (2017), at two o'clock in the afternoon

(2:00 p.m.), before me, **LUIS ENRIQUE GALEANO MILLA**, Notary of this domicile, with offices in

Tepeyac District, Calle Olancho, Suite 1127, of this city, registered in the Notary Registry of the Supreme

Court of Justice under number "One Thousand" (1,000) and in the Bar Association of Honduras under

number "One Thousand, Three Hundred Seventy-Nine (1,379), the following individuals are present: Ms.

**ETHEL SUYAPA DERAS ENAMORADO**, in her capacity as Chairman of the **NATIONAL**

**BANKING AND INSURANCE COMMISSION**, appointed through Executive Resolution Number

103-2014 of February 14, 2014 and authorized by the plenary session of the National Banking and

Insurance Commission (CNBS) through SBO Resolution No. 113/15-02-2017 of February 15, 2017, for

the signing of this trust agreement: who shall be referred to hereinafter as the "**TRUSTOR**"; Mr.

**GUSTAVO TURCIOS CARIAS**, of legal age, married, industrial engineer, of Honduran nationality,

domiciled in this city, who appears in his capacity as General Manager and Fiduciary Delegate of

**BANCO DE LOS TRABAJADORES, S.A.**, as certified with the Power of Administration, according to

the Certified Copy of the Public Deed of General Power of Administration number fifty-six (56),

authorized in this city by the notary Nicolas Garcia Sorto on August twenty-second (22nd) of the year two

thousand sixteen (2016), whose first copy was recorded under Registration seventy thousand, one

hundred ninety-eight (70,198), number thirty-five thousand, eight hundred eight (35,808) and Certified

Copy of the Public Deed of Power of Fiduciary Delegate number fifty-seven (57), authorized in this city

by the notary Nicolas Garcia Sorto on August twenty-second (22nd) of the year two thousand sixteen

(2016), whose first copy was recorded under Registration seventy thousand, one hundred ninety-eight

(70,198), number thirty-five thousand, eight hundred ten (35,810), both of the Corporate Merchants Book

kept by the Commercial Registry of the Department of Francisco Morazan, his principal is a Banking

[left margin:] [stamp:] **JUDICIAL BRANCH**
                    [emblem]
                    **REPUBLIC OF HONDURAS**

Institution, its corporate form adequate in compliance with Legislative Decree two hundred forty-five dash two thousand ten (245-2010), issued by the Sovereign National Congress of the Republic on November twenty-third, two thousand ten (2010) and published in the Official Daily Gazette number 32,375 on November twenty-fifth, two thousand ten, and approved the new shareholders' agreement and Company Bylaws as **BANCO DE LOS TRABAJADORES SOCIEDAD ANONIMA**, by the National Banking and Insurance Commission (CNBS), according to resolution number **GE-No. 075/13-01-2011** of January thirteenth (13th), two thousand eleven (2011), issued in the city of Tegucigalpa, Municipality of the Central District, and recorded by the notary **OSCAR ERNESTO PONCE SALGADO**, according to instrument number TWENTY-SIX (26) on March eleventh, two thousand eleven (2011), in the city of Tegucigalpa, Municipality of the Central District, Deed of Incorporation recorded under entry number **SIXTY-SIX (66)** of volume **SEVEN HUNDRED FORTY-FIVE (745)** of the corporate merchants book of the Commercial Registry of that city, an institution which hereinafter and for the purposes of this agreement shall be referred to as **THE TRUSTEE**. I, the notary, attest to having hereby viewed the certified copies of the aforementioned public instruments, resolutions and to find in the same in favor of the appearing parties sufficient powers for this act, who, assuring me that they are in full enjoyment and exercise of their civil rights, freely and voluntarily state: **FIRST: DESIGNATION OF THE PARTIES:** For the purposes of this trust: **1) TRUSTOR** refers to the **NATIONAL BANKING AND INSURANCE COMMISSION** or the party that assumes this function, who hereinafter shall be indistinctly identified by its name or simply as "**TRUSTOR**"; and **2) TRUSTEE** refers to **BANCO DE LOS TRABAJADORES, S.A.,** who hereinafter shall be indistinctly identified by its name or simply as "**TRUSTEE**" or "**THE BANK**". **SECOND: PURPOSE OF THE TRUST**: This "**ADMINISTRATION TRUST AND PAYMENT"** is hereby established with Banco de Los Trabajadores, S.A., with the total of the balances

*SUPREME COURT OF JUSTICE*
*REPUBLIC OF HONDURAS, C.A.*

[emblem]
**SPECIAL NOTARIAL**
**PAPER**                    [stamp:] LUIS ENRIQUE GALEANO MILLA
TWENTY LEMPIRAS                        NOTARY
**2016-2019**                          Exequatur 1000
                                       REPUBLIC OF HONDURAS, C.A.      [signature]
**NO. 1302974**

of assets and obligations payable of Banco Continental, S.A. in Forced Liquidation, which are detailed in the Fourth Clause of this agreement, with balance sheet figures as of December 31, 2016, subject to changes due to accounting adjustments which could result from the reconciliation and disposal of balances pending as of the date of this balance sheet, whereby the final balance must be established through a certified signed by the persons designated by both parties. **THIRD: BACKGROUND:** The **NATIONAL BANKING AND INSURANCE COMMISSION**, as "**TRUSTOR**", states that: based on Articles 245, attribution 31) of the Constitution of the Republic; 6, 13 and 14 of the National Banking and Insurance Commission Law; 4, 37, 115, 117 to 120, 131, section 2) of the Financial System Law, it issued SB Resolutions No. 1034/09-10-2015 of October 9, 2015, SB No. 020/11-01-2016 of January 11, 2016 and SB No. 481/13-06-2016 of June 13, 2016, through which it declared the Forced Liquidation of Banco Continental, S.A. and the appointment of the LIQUIDATING BOARD of said Bank. That through the certification of the Hearing held on October 16, 2015 by the Trial Court for Removal of Ownership of Goods of Illicit Origin with National Jurisdiction, by virtue of the request from the Federal Prosecutor's Office in which it was indicated that *the assurance corresponds only to the shares* of the company Banco Continental, S.A., not on the assets, and all powers of the Bank shall be granted to the National Banking and Insurance Commission to continue the forced liquidation procedure, undertaking for what remains, that is, the remainder after paying the obligations, to be delivered to the Office of Administration of Seized Assets (OABI) to continue with the measure in relation to the Bank Additionally, the National Banking and Insurance Commission, in application of Articles 120 and 140 of the Financial System Law, is authorized to entrust the administration of the forced liquidation process to one or more trustees, in which case the latter shall assume all obligations, rights and powers of the liquidator, whereby through

[left margin:] [stamp:] **JUDICIAL BRANCH**
                [emblem]
                **REPUBLIC OF HONDURAS**

SBO Resolution No. 113/15-02-2017 of February 15, 2017, the establishment of this trust was authorized.

**FOURTH:** **ESTABLISHMENT OF THE TRUST**: The Assets of the "**TRUST ADMINISTRATION AND PAYMENT**" are established on the balances of the following assets of Banco Continental, S.A. in Forced Liquidation, that the **TRUSTOR** hereby transfers to the **TRUSTEE** proprietary ownership of the value of the assets for the amount of **FOUR BILLION, SEVENTY-EIGHT MILLION, SEVEN HUNDRED THIRTY-SEVEN THOUSAND, ONE HUNDRED FORTY-ONE LEMPIRAS AND TWELVE CENTS (L4,078,737,141.12)**, being allocated for the fulfilment of the purpose of the **TRUST**, on the following financial components: **a)** Liquid Assets and Net Investments for the amount of **ONE BILLION, FOUR HUNDRED SEVENTY-THREE MILLION, ONE HUNDRED FORTY-EIGHT THOUSAND, SEVEN HUNDRED FORTY-NINE LEMPIRAS AND NINETY-TWO CENTS (L1,473,148,749.92)**; **b)** Portfolio of Loans and Interest receivable, net of reserves, for the amount of **ONE BILLION, NINE HUNDRED FORTY-SIX MILLION, FIVE HUNDRED THOUSAND, FOUR HUNDRED FIFTY-NINE LEMPIRAS AND TWELVE CENTS (L1,946,500,459.12); c)** Other Assets for the amount of **TWO HUNDRED FIFTEEN MILLION, SEVEN HUNDRED SEVENTY-ONE THOUSAND, EIGHT HUNDRED THIRTY-THREE LEMPIRAS AND SEVENTY-THREE CENTS (L215,771,883.73)**; **d)** Potential Net Assets for the amount of **ONE HUNDRED THIRTY-FOUR MILLION, SEVEN HUNDRED FORTY-THREE THOUSAND, NINE HUNDRED FOURTEEN LEMPIRAS AND THIRTY-ONE CENTS**); and **e)** Fixed assets for the amount of **THREE HUNDRED EIGHT MILLION, FIVE HUNDRED SEVENTY-TWO THOUSAND, ONE HUNDRED EIGHTY-FOUR LEMPIRAS AND FOUR CENTS (L308,572,184.04). FIFTH: PURPOSE OF THE TRUST:** The purpose of this Trust consists of the administration of the forced liquidation process of Banco Continental S.A., whereby it must continue with the restitution process, subject to the legal regime indicated in the **SECOND SECTION** of

*SUPREME COURT OF JUSTICE*
*REPUBLIC OF HONDURAS, C.A.*

[emblem]
**SPECIAL NOTARIAL**
**PAPER**                    [stamp:] LUIS ENRIQUE GALEANO MILLA
TWENTY LEMPIRAS                      NOTARY
2016-2019                            Exequatur 1000
                                     REPUBLIC OF HONDURAS, C.A.      [signature]
NO. 1302975

the Financial System Law "On the restitution process", whereby **THE TRUSTEE** hereby assumes all obligations, rights and powers of the liquidator, in accordance with the provisions of the Financial System Law. **THE TRUSTEE** must comply with all pending obligations, according to the provisions of Article 131 of the Financial System Law, which, according to the fourth Progress Report on the liquidation of Banco Continental S.A., with balance sheet figures as of December 31, 2016, for illustrative and not limited purposes, are indicated hereinafter: **1)** the payment of the employment obligations, in the event that any unpaid balance exists; **2)** payment of the deposits through the execution of the restitution procedure, of those cases which due to force majeure are still pending payment and which in accordance with the Law must be paid; **3)** payment of the obligations corresponding to the loans for illiquidity received from the Central Bank, or other banking obligations, where applicable; **4)** payment to funds raised from third parties for payment of public services, taxes, other contracts, security deposits for letters of credit, wires and transfers, cashier's checks and other similar obligations, which, resulting from reconciliation or validation of balances, have still not been paid to their beneficiaries; **5)** Deposit Insurance Fund (FOSEDE); and **6)** if there is a remainder, proceed to settle all other debts of Banco Continental, S.A. in Forced Liquidation, in accordance with the ranking established by Article 1676 of the Commercial Code, to the extent it contradicts the provisions of this paragraph **7)** all other cases considered in Article 131 of the Financial System Law. The foregoing is without prejudice to the judgments issued by the jurisdictional bodies or relevant authorities. **THE TRUSTEE**, as administrator with the assets established, must apply the payment of the pending obligations of the institution, which shall be done according to the procedure and order of priority expressly indicated in Article 131 of the Financial System Law, which according to the report submitted by the Liquidating Board with figures as of December 31, 2016, total **FOUR BILLION, SEVENTY-EIGHT MILLION, SEVEN HUNDRED**

[left margin:] [stamp:] **JUDICIAL BRANCH**
                [emblem]
                **REPUBLIC OF HONDURAS**

**THIRTY-SEVEN THOUSAND, ONE HUNDRED FORTY ONE LEMPIRAS AND TWELVE CENTS (L4,078,737,141.12)**, which are detailed as follows: **a)** Immediate payables for the amount of **ONE HUNDRED FIFTY-THREE MILLION, ONE HUNDRED NINETEEN THOUSAND, FORTY-FIVE LEMPIRAS AND NINETY-FIVE CENTS**); **b)** Public Deposits for the amount of **ONE BILLION, TWO HUNDRED TWENTY-SEVEN MILLION, THREE HUNDRED FIFTY-SEVEN THOUSAND, ONE HUNDRED FORTY-THREE LEMPIRAS AND NINETY-SIX CENTS (L1,227,357,143.96)**; **C)** Other deposits for the amount of **TWENTY-NINE MILLION, FOUR HUNDRED SEVENTY-ONE THOUSAND, SIXTY-FOUR LEMPIRAS AND SEVENTEEN CENTS (L29,471,064.17)**; **d)** Other Payables for the amount of **THIRTY-SIX MILLION, THREE HUNDRED SIXTEEN THOUSAND, SEVEN HUNDRED EIGHTY-THREE LEMPIRAS AND FIFTY-EIGHT CENTS (L36,316,783.58)**; **e)** Banking Obligations for the amount of **ONE BILLION, FOUR HUNDRED EIGHTY-THREE MILLION, THREE HUNDRED SEVENTY-ONE THOUSAND, EIGHTY-THREE LEMPIRAS AND SEVENTY-THREE CENTS (L1,483,371,083.73)**; **f)** amounts pending application for the amount of **TWENTY-ONE MILLION, THREE HUNDRED NINETY-FIVE THOUSAND, THREE HUNDRED FORTY-SEVEN LEMPIRAS AND FORTY CENTS);** and **g)** Capital and Capital Reserves for the amount of **ONE BILLION, ONE HUNDRED TWENTY-SEVEN MILION, SEVEN HUNDRED SIX THOUSAND, SEVEN HUNDRED SEVENTY-ONE LEMPIRAS AND FORTY CENTS). SIXTH: OBLIGATIONS OF THE TRUSTEE:** By virtue of the foregoing, **THE TRUSTEE**, following the criteria of security and profitability, acting in this case with the diligence of a self-employed businessperson and always in the best interest of the **TRUST**, with strict compliance with the Norms and Procedures contained in this agreement, the Commercial Code, the Financial System Law and all other applicable laws, must execute, among others, the following activities to fulfill the purpose of the

*SUPREME COURT OF JUSTICE*
*REPUBLIC OF HONDURAS, C.A.*

[emblem]
**SPECIAL NOTARIAL**
**PAPER**                        [stamp:] LUIS ENRIQUE GALEANO MILLA
TWENTY LEMPIRAS                NOTARY
**2016-2019**                     Exequatur 1000
                                 REPUBLIC OF HONDURAS, C.A.      [signature]
**NO. 1302976**

agreement: **a)** Receive the TRUST assets comprised by the assets of **BANCO CONTINENTAL, S.A.** in Forced Liquidation, clarifying that the assets comprising the **TRUST ASSETS** are delivered and received without any responsibility for **THE TRUSTEE**, derived from the previous actions that were to be performed by Banco Continental S.A. in compliance with the Special Anti-Money Laundering Law, Regulation for the Prevention and Detection of the Misuse of Services and Financial Products in Money Laundering, the Norms for the Strengthening of Transparency, Financial Culture and attention to the Financial User in Supervised Institutions, and as it concerns the contractual documentation, signatures and inscription in the property registries, which are kept to this effect by the Property Institution at the national level. Nevertheless, **THE TRUSTEE**, after assuming the **TRUST ASSETS**, must use the proper diligence in the pertinent acts and comply with all obligations indicated by the aforementioned laws; **b)** Render a report on the status of the liquidation process within 10 business days, starting from the signature date of this agreement; **c)** Continue with the payment of the deposits, through the execution of the restitution procedure; **d)** Administer moveable and fixed assets for their execution through sales, leases or any acts or contracts of legal commerce to fulfill the purposes of the trust in accordance with the Regulation issued to this effect; **e)** Administer the credit rights using sound banking practices, taking the steps necessary for their recovery, whether through the administrative, judicial or extrajudicial channel, for which it may enter into the acts and contracts necessary to carry out this purpose, provided they are in accordance with the Regulation issued to this effect; **f)** Take the actions necessary for the conservation of the assets, rights and shares comprising the **TRUST ASSETS**, with the ability to readjust portfolios, sell, assign, discount, lease and dispose of the assets, rights, obligations and shares of the **TRUST ASSETS**, for the purpose of obtaining the necessary resources to fulfill the purpose of the **TRUST**; **g)** Exercise the

[left margin:] [stamp:] **JUDICIAL BRANCH**
                [emblem]
                **REPUBLIC OF HONDURAS**

administrative, extrajudicial or judicial actions for the defense and recovery of the assets, rights and shares comprising the **TRUST ASSETS**. Without prejudice to the legal regime established in Article 144 of the Financial System Law related to the transfer of assets and/or deposits within the restitution process, **THE TRUSTEE** is responsible for continuing with the judicial proceeding that are pending before the Courts and Tribunals of the Republic, and all those that arise in the future; **h)** Hire natural or legal persons to be in charge of the recovery, sale or execution of the assets, rights and shares comprising the **TRUST ASSETS**, as well as grant the mandates necessary to this effect. It is expressly established that the powers granted to the **TRUSTEE do not include the power to establish liens or pledge the assets comprising the TRUST ASSETS**, as well as to contract loans or other types of financing that must be paid with said assets; **i)** and based on the fact that **THE TRUSTOR**, through this agreement, entrusts the administration of the forced liquidation process to **THE TRUSTEE**, the latter consequently assumes the legal representation of the institution in forced liquidation, which conserves its legal personality for all purposes derived from the Financial System Law, as well as all other obligations, rights and powers to which the liquidator is entitled by law. **SEVENTH: TERM:** This **TRUST** shall have a duration of up to **TEN (10) years**, starting from the signature date of this Instrument, extendible by express agreement of the parties, without the sum of said extensions exceeding the term of fifteen (15) years. Said extension must be approved by the National Banking and Insurance Commission. **EIGHTH: DUTIES AND RIGHTS OF THE PARTIES: OF THE TRUSTOR: 1)** To transfer to the **TRUSTEE** proprietary ownership of the **TRUST ASSETS**, consisting of the totality of assets listed in the **FOURTH CLAUSE** of this Instrument, free of liens and hidden liabilities, tax fees, royalties, taxes or any other charge that

*SUPREME COURT OF JUSTICE*
*REPUBLIC OF HONDURAS, C.A.*

[emblem]
**SPECIAL NOTARIAL PAPER**
TWENTY LEMPIRAS
**2016-2019**

NO. 1302977

[stamp:] LUIS ENRIQUE GALEANO MILLA
NOTARY
Exequatur 1000
REPUBLIC OF HONDURAS, C.A.     [signature]

could affect the execution, free possession or holding of the assets, rights and shares comprising the **TRUST ASSETS**, with the exception of those generated from the credit obligations and re-discounts, for which it shall take the actions and enter into the public and private contracts and instruments necessary for the effective transfer of the **TRUST ASSETS** to the **TRUSTEE**; **2)** Deliver to the **TRUSTEE** the physical and electronic database of the **TRUST ASSETS**, as well as all original and background documents that support the assets, rights, obligations and shares comprising the **TRUST ASSETS**, which includes any additional original documentation necessary or requested by **THE TRUSTEE** to ensure the existence, ownership, enforceability, conservation, administration, management, recovery and transfer of the assets, rights, obligations and shares listed; **3)** Provide **THE TRUSTEE** with the information necessary to carry out the migration of the databases of Banco Continental, S.A. in Forced Liquidation, with the assets, rights, obligations and shares comprising the **TRUST ASSETS**, which includes the signing of the necessary documentation requested by the **TRUSTEE**, for the purpose of enabling the latter to utilize the computer systems (software) whose license it has opportunely contracted and considers useful for the administration of the **TRUST ASSETS** from the liquidation of Banco Continental, S.A.; **4)** Require rendering of reports to the **TRUSTEE**, when the latter does not submit said report in the established term; **5)** Approve or reject the rendering of reports issued by the **TRUSTEE. OF THE TRUSTEE: 1)** Assume all obligations, rights and powers of the liquidator of Banco Continental, in accordance with the provisions of the Financial System Law and the current legislation; **2)** Receive the proprietary ownership of all assets comprising the **TRUST ASSETS** described in the **FOURTH CLAUSE** of this Instrument; **3)** Receive the established commissions; **4)** Execute the **TRUST** in accordance with the purpose of the same and exercise the rights and legal actions, where applicable, that

[left margin:] [stamp:] **JUDICIAL BRANCH**
[emblem]
**REPUBLIC OF HONDURAS**

may be necessary for the defense of the **TRUST ASSETS**, and for which purpose it shall grant the special mandates in its capacity as **TRUSTEE** that are required for this purpose; **5)** Contract, at the expense of the **TRUST ASSETS**, the services necessary for the maintenance, security and execution of the moveable and fixed assets, as well as the consulting necessary for the fulfillment of the purpose of the **TRUST; 6)** Reimburse, with the resources generated, any justified and reasonable expense incurred by the **TRUST** or its modifications; **7)** Sell, through transparent and competitive mechanisms and taking into account the market conditions in accordance with the Regulation approved for these purposes, the assets and rights of the **TRUST ASSETS; 8) THE TRUSTEE** shall carry out the operations of the TRUST in strict compliance with the provisions of the Financial System Law and the provisions of the Commercial Code, whereby it must therefore separate the trust assets from its accounting and own assets, as well as separate the accounting corresponding to other Trusts, regardless of whether they correspond to the same or a different trustor; **9)** Execute the payments according to the order of priority established in Article 131 of the Financial System Law; **10) THE TRUSTEE** shall invest the proceeds from the sale of assets or recovery of portfolio in the best conditions that exist in the financial market, in institutions regulated by the National Banking and Insurance Commission (CNBS), fundamentally complying with the requirements of security for the fulfillment of the established purposes, which are carried out without interfering in the transfer of funds defined according to the established priority; **11) THE TRUSTEE** shall manage a fund for operating expenses of the **TRUST; 12)** Assume, at the expense of the trust, all expenses and fees incurred in formalizing the **TRUST**, registry of moveable and fixed guarantees, as well as their settlement; **13) THE TRUSTEE** must render quarterly and annual reports to **THE TRUSTOR;** the latter must be certified by an Outside Auditor registered in the Public Registry of Outside Auditors of

[emblem]
**SPECIAL NOTARIAL**
**PAPER**          [stamp:] LUIS ENRIQUE GALEANO MILLA
TWENTY LEMPIRAS          NOTARY
**2016-2019**          Exequatur 1000
          REPUBLIC OF HONDURAS, C.A.      [signature]
NO. 1302978

the CNBS, at the expense of the **TRUST.** After making the payments indicated in Article 131 of the Financial System Law, it must render the final report of the liquidation, along with the final balance sheet, to the competent court; and **14) THE TRUSTEE** is required to inform the National Banking and Insurance Commission of all transactions it executes with natural or legal persons who are nationals of the United States of America, so that the National Banking and Insurance Commission may inform the Treasury Department of said transactions. **NINTH: COMPENSATION: THE TRUSTEE** shall receive as compensation the following commissions: **1.** A fixed commission for Administration of **FOUR HUNDRED FIFTY THOUSAND LEMPIRAS AND ZERO CENTS (L450,000.00)** monthly, payable at the end of each month by the **TRUSTEE**, which shall be adjusted annually in direct proportion to the balance of the **TRUST ASSETS**; **2.** A commission for Portfolio Recovery in cash, based on the following scale: **I.** From L0.01 to L1,000,000.00, a commission of NINE PERCENT (9.00%); **II.** From L1,000,000.01 to L10,000,000.00, a commission of SEVEN PERCENT (7.00%); and **III.** From L10,000,000.0 onward, a commission of SIX PERCENT (6.00%); **3. A commission for Sale of Fixed Assets**, based on the following scale. **I.** From L0.01 to L5,000,000.00, a commission of TEN PERCENT (10.00%); **II.** From L5,000,000.01 to L10,000,000.00, a commission of SEVEN PERCENT (7.00%); and **III.** From L10,000,000.00 onward, a commission of FIVE PERCENT (5.00%); **4. A commission for Sale of Potential Assets**, based on the following scale: **I.** From L0.01 to L5,000,000.00, a commission of EIGHT PERCENT (8.00%); **II.** From L5,000,000.00 to L10,000,000.00, a commission of SIX PERCENT (6.00%); and **III.** From L10,000,000.01 onward, a commission of FOUR POINT FIVE PERCENT (4.50%); **5. A commission for Portfolio Recovery in Judicial Execution/Dation in Payment**, based on the following scale: **I.** From L0.01 to L5,000,000.00, a commission of FIFTEEN PERCENT (15.00%); **II.** From L5,000,000.01 to L10,000,000.00, a commission of TEN PERCENT

(10.00%); and **III.** From L10,000,000.01 onward, a commission of EIGHT PERCENT (8.00%); **6. A commission for Leases** of 5% on the amount received; **7. A commission for Various Receivables**, based on the following scale: **I.** From L0.01 to L5,000,000.00, a commission of TEN PERCENT (10.00%); **II.** From L5,000,000.01 to L10,000,000.00, a commission of EIGHT PERCENT (8.00%); and **III.** From L10,000,000.01 onward, a commission of FIVE PERCENT (5.00%); **8. A commission on the Net Returns of the Investments and Dividends received** of 7.50% on net returns; **9.** A fixed commission for **Administration of Companies (Aparthotel VILLA NURIA)** of **TEN THOUSAND LEMPIRAS (L10,000.00)** monthly, payable at the end of each month; **10. A commission for Payment to Third Parties** of 0.25% on the value of the Payment that does not include the transfers made to FOSEDE, nor the public deposits. **11. A commission for the sale of shares and interests** of 0.50% of 1% on the sale price. **TENTH: FISCAL YEAR OF THE TRUST**: Each fiscal year of the **TRUST** shall last one (1) year, whereby the first fiscal year shall start on the signature date of this agreement and shall end on December 31, 2017, and the subsequent years shall start on January first or the following business day and shall end on December 31 of each year. **ELEVENTH**: **AMENDMENTS**: This agreement may be amended as many times as necessary at the initiative of the **TRUSTOR** and in accordance with the **TRUSTEE**, the amendments to this agreement must be authorized by the National Banking and Insurance Commission (CNBS) and shall be documented through an addendum, duly recorded in the corresponding registry; however, for all matters not defined therein, the **TRUSTEE** must strictly comply with the provisions of the current Commercial Code and the Financial System Law. **TWELFTH: DISSOLUTION OF THE TRUST: a)** This agreement shall be dissolved by the provisions established in this respect by the Financial System Law for the termination or replacement of the liquidator, and for the events established in Article 1061 of the Commercial Code which apply to this agreement; and **b)** By

*SUPREME COURT OF JUSTICE*
*REPUBLIC OF HONDURAS, C.A.*

[emblem]
**SPECIAL NOTARIAL**
**PAPER**                    [stamp:] LUIS ENRIQUE GALEANO MILLA
TWENTY LEMPIRAS                        NOTARY
**2016-2019**                          Exequatur 1000
                                       REPUBLIC OF HONDURAS, C.A.      [signature]
NO. 1302979

reaching the end of the term of this Trust or its extension. **THIRTEENTH: APPEARANCE BEFORE THE COMPETENT COURT**: Based on the provisions of Article 131 of the Financial System Law and the resolutions by the Trial Court for Removal of Ownership of Assets of Illicit Origin with National Jurisdiction on October 16, 2015, which states verbatim: "By virtue of the request from the Federal Prosecutor's Office in which it was indicated that *the assurance corresponds only to the shares* of the company Banco Continental, S.A., not on the assets, and all powers of the Bank shall be granted to the National Banking and Insurance Commission to continue the forced liquidation procedure, undertaking for what remains, that is, the remainder after paying the obligations, to be delivered to the Office of Administration of Seized Assets (OABI) to continue with the measure in relation to the Bank"; the TRUSTEE shall appear before the competent court, being aware of the resolution of the Court for Removal of Ownership of Assets of Illicit Origin of October 16, 2015, attaching the certification of said resolution so that the court may comply with the provisions of Article 132 of the Financial System Law and with the instructions issued by the Court for Removal of Ownership of Assets of Illicit Origin. **FOURTEENTH: LEGAL REGIME: THIS TRUST** shall be governed according to the provisions of the Financial System Law, the Commercial Code, the National Banking and Insurance Commission Law, the Deposit Insurance Law in Financial System Institutions, norms decreed and regulations issued by the National Banking and Insurance Commission, and any other applicable legislation. **FIFTEENTH: THE FOLLOWING COMPRISE AN INTEGRAL PART OF THIS AGREEMENT:** The fourth Progress Report on the liquidation of Banco Continental S.A. with balance sheet figures as of December 31, 2016, which details the rights, obligations and shares of the TRUST described in the attached Annexes that comprise an integral part of this agreement; the Regulation for Execution of Trust Assets, as well as the Addenda that could arise from modifications agreed to between the parties. **SIXTEENTH: TAX**

[left margin:] [stamp:] **JUDICIAL BRANCH**
                [emblem]
                **REPUBLIC OF HONDURAS**

**REGIME:** According to the provisions of Article 147 of the Financial System Law, the transfers of assets, liabilities, payments and services made based on the procedures for restitution of the liquidation of Banco Continental, S.A. shall be exempt from any tax. Moreover, no deed duties or registry fees of any type shall be required for the filing of the corresponding entries in favor of the financial institutions acquiring the cited assets and liabilities and in addition, the legal fees shall be freely contracted by the parties. **SEVENTEENTH: RESOLUTION OF DISPUTES:** Any conflict that arises from the application, interpretation or scope of the same must first be subject to the direct negotiation process, which cannot last more than ninety (90) days. Otherwise, the parties expressly submit to the jurisdiction of the Civil Trial Court of the Department of Francisco Morazan. **EIGHTEENTH: COMMUNICATIONS:** The following individuals are indicated as contacts for the purposes of any communication: **1)** MARCO ANTONIO CANO GOMEZ, Deputy General Manager of BANCO DE LOS TRABAJADORES, S.A. and Fiduciary Delegate of the **TRUST**, BANCO DE LOS TRABAJADORES, S.A. Building, Comayaguela, Municipality of the Central District; Primary Office, located in Concepcion District, Segunda Avenida, Calle Real de Comayaguela, MDC, telephone 2238-0017, extensions 252 and 277, email fideicomisosbantrab@bantrab.hn; **2)** JORGE ANTONIO FLORES PADILLA, Superintendent of Banks and Other Institutions, NATIONAL BANKING AND INSURANCE COMMISSION**,** Santa Fe Building, Castano Sur District, Paseo Virgilio Zelaya Rubi, Block "C", Tegucigalpa, Municipality of the Central District, telephone 2290-4500, extensions 262 and 263, email JFlores@cnbs.gob.hn.

**NINETEENTH: DISENCUMBRANCE AND EXPENSES: THE TRUSTEE** shall be responsible, at the expense of the trust, for any claim or judicial or extrajudicial action that third parties file for the execution or establishment of this **TRUST**; moreover, **THE TRUSTEE** states that all expenses generated

*SUPREME COURT OF JUSTICE*
*REPUBLIC OF HONDURAS, C.A.*

[emblem]
**SPECIAL NOTARIAL**
**PAPER**                    [stamp:] LUIS ENRIQUE GALEANO MILLA
TWENTY LEMPIRAS              NOTARY
**2016-2019**                Exequatur 1000
                             REPUBLIC OF HONDURAS, C.A.     [signature]
NO. 1302980

as a result of this **TRUST**, including those of this deed, its first copy or subsequent copies, records, fees and settlements, shall be covered by **THE TRUSTEE**, at the expense of the trust, in accordance with the provisions of Article 138 of the Financial System Law. **TWENTIETH: ACCEPTANCE:** Ms. **ETHEL SUYAPA DERAS ENAMORADO** continues stating, in her capacity as Chairwoman of the **NATIONAL BANKING AND INSURANCE COMMISSION**, appointed through Executive Resolution Number 103-2014 of February 14, 2014 and authorized by the plenary session of the National Banking and Insurance Commission (CNBS) through SB Resolution No. 113/15-02-2017 of February 15, 2017, for the signing of this trust agreement and Mr. **GUSTAVO TURCIOS CARIAS**, in his capacity as General Manager of **BANCO DE LOS TRABAJADORES, S.A.**, that the aforementioned information in this instrument is correct, who accept this **TRUST** in all its parts, undertaking to faithfully comply. I, the acting notary, warned the grantors of the inscription of this public instrument for the corresponding legal purposes. The appearing parties state and grant accordingly, who, informed of their legal right to read this instrument on their own, jointly agreed to have me fully read its content, which they ratify, sign and place their respective fingerprints before the undersigned notary in accordance with the law. In addition to whose knowledge, status, age, profession and office, residence and capacity of one or more I attest, as well as having viewed the following documents: **ETHEL SUYAPA DERAS ENAMORADO; GUSTAVO TURCIOS CARIAS,** Identity Cards: 1401-1989-00350 and 0311-1967-00145; R.T.N.: 14011989003506 and 3111967001451; and R.T.N. Banco de los Trabajadores 08019999406510; to which I, the notary, ATTEST. Signature and fingerprint **ETHEL SUYAPA DERAS ENAMORADO.** Signature and fingerprint **GUSTAVO TURCIOS CARIAS**. Signature and Notarial Stamp. **LUIS ENRIQUE GALEANO MILLA.**
And to deliver to **BANCO DE LOS TRABAJADORES, S.A.,** I compile, stamp and sign this first copy

[left margin:] [stamp:] **JUDICIAL BRANCH**
          [emblem]
          **REPUBLIC OF HONDURAS**

in the same place and on the same date as its granting, on the corresponding stamped paper, without seals, for being exempt, as well as any tax in accordance with Article 147 of the Financial System Law, keeping its original, with which it matches with the pre-inserted number of my current records of this year where I recorded this entry.

[stamp:]  CCIC
ASSOCIATED CENTER
COMMERCIAL REGISTRY
REGISTRY OFFICE OF: [handwritten:] *SBS*
SUBMISSION ACCORDING TO ENTRY No. [hw:] *624283*
OF THE COMMERCIAL ELECTRONIC DAILY
SAN PEDRO SULA [hw:] 02-27-2017
                    DATE
[signature]
REGISTRAR

[stamp:] COMMERCIAL REGISTRY
ASSOCIATED CENTER
REGISTRATION: [hw:] *79018*
RECORDED WITH SUBMISSION: [hw:] *64283*
SAN PEDRO SULA *02-28-2017*
[signature]
REGISTRAR

[stamp:]   ASSOCIATED CENTER
[logo]
COMMERCIAL REGISTRY
SAN PEDRO SULA

**REPUBLICA DE HONDURAS**



# TESTIMONIO
# DE LA
# ESCRITURA PUBLICA

No. 14

*De:* CONSTITUCION DE FIDEICOMISO DE ADMINISTRACION Y PAGO

*Otorgada por:* COMISION NACIONAL DE BANCOS Y SEGUROS y BANCO DE LOS TRA

BAJADORES

*A favor de:*

---

## AUTORIZADA POR EL NOTARIO

LUIS ENRIQUE GALEANO MILLA

22 DE Febrero DEL 2017

## *Liquidación Banco Continental*

### *San Pedro Sula, Departamento de Cortés, Honduras, C.A.*

27 de febrero de 2017

**LIQ 69/2017**

Abogada
**CLAUDIA PONCE**
**Registradora Centro Asociado**
**Cámara de Comercio e Industrias de Cortés**
Ciudad.

Estimada Abogada Ponce:

Por este medio solicitamos su colaboración en el sentido de Inscribir el Testimonio de la Escritura número 14; autorizada por el Notario LUIS ENRIQUE GALEANO MILLA, al margen de la matrícula 79018 de ese registro a su digno cargo; en donde la Comisión Nacional de Bancos y Seguros (C.N.B.S) constituye con Banco de los Trabajadores, Fideicomiso de Administración y Pago del total de los activos y obligaciones por pagar de Banco Continental, S.A., en liquidación Forzosa, así como la resolución 113/15-02-2017 de la Comisión Nacional de Bancos y Seguros; obviando el pago de las tasas o impuestos registrales por estar exentos de acuerdo al artículo 147 del Sistema Financiero, que literalmente dice: "**ARTÍCULO 147.- EXENCIÓN FISCAL. Las transferencias de activos, pasivos, los pagos y servicios que se realicen con ocasión de los procedimientos de restitución estarán exentos de cualquier tributo. No se exigirán timbres de escritura ni derechos registrales de ningún tipo por la práctica de las correspondientes inscripciones a favor de las instituciones del sistema financiero adquirentes de los referidos activos y pasivos y, además los honorarios legales serán libremente contratados por las partes.**"

Sin otro particular nos suscribimos de Usted, patentizándole nuestras más altas muestras de consideración y respeto.

**JUNTA LIQUIDADORA**

**ROBERTO ANTONIO JEREZ M.**
Miembro

**JOSÉ ROLANDO ARRIAGA M.**
Miembro

**OSCAR ANDRÉS COLOMER ZELAYA**
Miembro





CORTE SUPREMA DE JUSTICIA
REPÚBLICA DE HONDURAS, C.A.

**PAPEL ESPECIAL
NOTARIAL
VEINTE LEMPIRAS
2016-2019**

N°.1302973

### TESTIMONIO

**INSTRUMENTO NUMERO CATORCE (14).-** En la ciudad de Tegucigalpa, a los veintidós (22) días del mes de febrero del año dos mil diecisiete (2017), siendo las dos de la tarde (2:00 p.m.). Ante mí, **LUIS ENRIQUE GALEANO MILLA,** Notario de este domicilio, con oficinas en la Colonia Tepeyac, Calle Olancho, Casa 1127, de esta ciudad, inscrito en el Registro de Notarios de la Corte Suprema de Justicia bajo el número "Mil" (1.000) y en el Colegio de Abogados de Honduras bajo el número "Mil Trescientos Setenta y Nueve" (1.379), comparecen por una parte: la señora **ETHEL SUYAPA DERAS ENAMORADO** en su condición de Presidenta de la **COMISIÓN NACIONAL DE BANCOS Y SEGUROS**, nombrada mediante Acuerdo Ejecutivo Número 103-2014 de fecha 14 de febrero de 2014 y autorizada por el pleno de la Comisión Nacional de Bancos y Seguros (CNBS) mediante Resolución SBO N° 113/15-02-2017 de fecha 15 de febrero de 2017, para la firma del presente contrato de fideicomiso; quien se denominará **"FIDEICOMITENTE";** El señor **GUSTAVO TURCIOS CARIAS**, mayor de edad, casado, Ingeniero Industrial, de nacionalidad hondureña, con domicilio en esta ciudad, quien comparece en su condición de Gerente General y Delegado Fiduciario del **BANCO DE LOS TRABAJADORES, S.A,** según lo acredita con el Poder de Administración, según Testimonio de la Escritura Pública de Poder General de Administracion número cincuenta y seis (56), autorizada en esta ciudad por el Notario Nicolás García Sorto, en fecha veintidós (22) de agosto del año dos mil dieciséis (2016), cuya primera copia fue inscrita bajo Matricula setenta mil ciento noventa y ocho (70198), Número tres cinco ocho cero ocho (35808) y Testimonio de la Escritura Pública de Poder de Delegado Fiduciario número cincuenta y siete (57), autorizada en esta ciudad por el Notario Nicolás García Sorto, en fecha veintidós (22) de agosto del año dos mil dieciséis (2016), cuya primera copia fue inscrita bajo Matricula setenta mil ciento noventa y ocho (70198), Número tres cinco ocho uno cero (35810), ambos del Libro de Comerciantes Sociales que lleva el Registro Mercantil del Departamento de Francisco Morazán, su representada es una Institución Bancaria,

adecuado su forma social en cumplimiento del Decreto Legislativo doscientos cuarenta y cinco guion dos mil diez (245-2010), emitido por el Soberano Congreso Nacional de la Republica, el día veintitrés de noviembre del año dos mil diez (2010) y publicado en el Diario Oficial la Gaceta numero 32,375 el día veinticinco de noviembre del año dos mil diez, y aprobado el nuevo contrato societario y Estatutos Sociales como **BANCO DE LOS TRABAJADORES SOCIEDAD ANONIMA**, por la Comisión Nacional de Bancos y Seguros (CNBS), según resolución numero **GE- No.075/13-01-2011**, de fecha trece (13) de enero del año dos mil once (2011) emitida en la ciudad de Tegucigalpa Municipio del Distrito Central y Protocolizado por el Notario **OSCAR ERNESTO PONCE SALGADO**, según instrumento número VEINTISEIS (26), de fecha once de marzo del año dos mil once (2011), en la ciudad de Tegucigalpa municipio del Distrito Central, Escritura de Constitución que se encuentra inscrita bajo el asiento numero **SESENTA Y SEIS (66),** del tomo **SETECIENTOS CUARENTA Y CINCO (745)** del libro de comerciantes sociales del Registro Mercantil de dicha ciudad, entidad que en lo sucesivo y para los efectos del presente contrato se denominará como **EL FIDUCIARIO,** Yo el Notario doy fe de tener a la vista en este acto los testimonios de los expresados instrumentos públicos, resoluciones y de constar en los mismos a favor de los comparecientes, facultades suficientes para este acto, quienes asegurándome encontrarse en el pleno goce y ejercicio de sus derechos civiles, libre y espontáneamente dicen: **PRIMERO: DENOMINACIÓN DE LAS PARTES:** Para los efectos del presente fideicomiso, se entiende por: **1) FIDEICOMITENTE** La **COMISIÓN NACIONAL DE BANCOS Y SEGUROS** o quien asuma dicha función, quien en adelante se le identificará indistintamente por su nombre o simplemente como "**FIDEICOMITENTE**"; y **2) FIDUCIARIO** el **BANCO DE LOS TRABAJADORES, S.A.**, a quien se le identificará indistintamente por su nombre o simplemente como "**FIDUCIARIO**" o "**EL BANCO**". **SEGUNDO: OBJETO DEL FIDEICOMISO:** Por este acto se constituye con el Banco de Los Trabajadores, S.A. el presente "**FIDEICOMISO DE ADMINISTRACIÓN Y PAGO**", con el

CORTE SUPREMA DE JUSTICIA
REPÚBLICA DE HONDURAS, C.A.




PAPEL ESPECIAL
NOTARIAL
VEINTE LEMPIRAS
2016-2019

N°.1302974

total de los saldos de los activos y obligaciones por pagar de Banco Continental, S.A., en

Liquidación Forzosa, que se detallan en la Cláusula Cuarta de este contrato, con cifras de balance

al 31 de diciembre de 2016, sujetos a cambios por ajustes contables que podrían resultar de la

conciliación y depuración de saldos que se encuentran en proceso a la fecha de este balance,

debiendo establecerse el saldo final mediante acta firmada por las personas designadas por ambas

partes. **TERCERO: ANTECEDENTES:** La **COMISIÓN NACIONAL DE BANCOS Y**

**SEGUROS**, como **"FIDEICOMITENTE"**, manifiesta que: con fundamento en los Artículos

245, atribución 31) de la Constitución de la República; 6, 13 y 14 de la Ley de la Comisión

Nacional de Bancos y Seguros; 4, 37, 115, 117 al 120, 131numeral 2) de la Ley del Sistema

Financiero, emitió las Resoluciones SB N°1034/09-10-2015 del 9 de octubre de 2015, SB

N°020/11-01-2016 de fecha 11 de enero de 2016 y SB N°481/13-06-2016 de fecha 13 de junio de

2016, mediante las cuales, declaró la Liquidación Forzosa de Banco Continental, S.A. y el

nombramiento de la JUNTA DE LIQUIDADORES de dicho Banco. Que mediante certificación

de la Audiencia efectuada el 16 de octubre de 2015 por el Juzgado de Letras de Privación de

Dominio de Bienes de Origen Ilícito con Jurisdicción Nacional, en virtud de la solicitud de la

Procuraduría General de la República en la cual se señaló que *el aseguramiento corresponde*

*únicamente a las acciones* de la sociedad Banco Continental, S, A., no sobre los activos y todo lo

que corresponde al Banco será la a la Comisión Nacional de Bancos y Seguros para que continúe

con el procedimiento de liquidación forzosa, obligándose a que lo que reste, es decir el remanente

luego de pagadas las obligaciones será entregado a la Oficina Administradora de Bienes Incautados

(OABI) para que continúe con la medida en relación al Banco. Por otra parte, la Comisión Nacional

de Bancos y Seguros en aplicación del Artículo 120 y 140 de la Ley del Sistema Financiero, está

facultada para encomendar la administración del proceso de liquidación forzosa a uno o varios

fiduciarios; en cuyo caso, éstos asumirán todas las obligaciones, derechos y facultades del

liquidador, por lo que mediante Resolución SBO N°113/15-02-2017 de fecha 15 de febrero de

2017, se autorizó la constitución del presente fideicomiso. **CUARTO: CONSTITUCIÓN DEL PATRIMONIO:** Se constituye el Patrimonio del **"FIDEICOMISO DE ADMINISTRACIÓN Y PAGO"**, sobre los saldos de los siguientes activos de Banco Continental, S.A., en liquidación forzosa, que en este acto el **FIDEICOMITENTE** le transfiere al **FIDUCIARIO** la titularidad dominical sobre el valor de los activos por la suma de **CUATRO MIL SETENTA Y OCHO MILLONES SETECIENTOS TREINTA Y SIETE MIL CIENTO CUARENTA Y UN LEMPIRAS CON 12 CENTAVOS (L4,078,737,141.12)**, quedando afectos para el cumplimiento de la finalidad del **FIDEICOMISO**, sobre los siguientes componentes financieros: **a)** Disponibilidades e Inversiones netas por un monto de **MIL CUATROCIENTOS SETENTA Y TRES MILLONES CIENTO CUARENTA Y OCHO MIL SETECIENTOS CUARENTA Y NUEVE LEMPIRAS CON NOVENTA Y DOS CENTAVOS (1,473,148,749.92);b)** Cartera de Préstamos e Intereses por cobrar, netos de reservas por un monto de **MIL NOVECIENTOS CUARENTA Y SEIS MILLONES QUINIENTOS MIL CUATROCIENTOS CINCUENTA Y NUEVE LEMPIRAS CON DOCE CENTAVOS (L1,946,500,459.12)**; **c)** Otros Activos por un monto de **DOSCIENTOS QUINCE MILLONES SETECIENTOS SETENTA Y UN MIL OCHOCIENTOS TREINTA Y TRES LEMPIRAS CON SETENTA Y TRES CENTAVOS (L215,771,833.73)**; **d)** Activos Eventuales Netos por un monto de **CIENTO TREINTA Y CUATRO MILLONES SETECIENTOS CUARENTA Y TRES MIL NOVECIENTOS CATORCE LEMPIRAS CON TREINTA Y UN CENTAVOS (L134,743,914.31)**; **e)** Activos fijos netos por un monto de **TRESCIENTOS OCHO MILLONES QUINIENTOS SETENTA Y DOS MIL CIENTO OCHENTA Y CUATRO LEMPIRAS CON CUATRO CENTAVOS (L308,572,184.04)**. **QUINTO: FINALIDAD DEL FIDEICOMISO:** La finalidad del presente Fideicomiso, consiste en la administración del proceso de liquidación forzosa de Banco Continental S.A., debiéndose continuar con el proceso de restitución sujeto al régimen legal que indica la **SECCIÓN**




*CORTE SUPREMA DE JUSTICIA*
*REPÚBLICA DE HONDURAS, C.A.*

PAPEL ESPECIAL
NOTARIAL
VEINTE LEMPIRAS
2016-2019

N°.1302975

**SEGUNDA** de la Ley del Sistema Financiero "Del proceso de restitución", por lo que en este acto **EL FIDUCIARIO** asume todas las obligaciones, derechos y facultades del liquidador según lo establecido en la Ley del Sistema Financiero. **EL FIDUCIARIO** debe cumplir con todas las obligaciones pendientes según lo establecido en el artículo 131 de la Ley del Sistema Financiero, las cuales según el cuarto Informe sobre el Avance de la liquidación de Banco Continental S.A. con cifras de balance al 31 de diciembre del 2016, con fines enunciativos y no restrictivos, se señalan a continuación: **1)** el pago de las obligaciones laborales en caso de existir algún saldo todavía no pagado; **2)** pago de los depósitos mediante la ejecución del procedimiento de restitución, de aquellos casos que por fuerza mayor todavía están pendientes de pago y que conforme a la Ley proceda el pago; **3)** pago de las obligaciones correspondientes a los préstamos por iliquidez recibidos del Banco Central, u otras obligaciones bancarias si las hubiere; **4)** pago a fondos recaudados de terceros por pago de servicios públicos, impuestos, otros contratos, depósitos en garantía por cartas de crédito, giros y transferencias, cheques de caja y otras obligaciones similares, que por resultantes de conciliación o validación de saldos, todavía no han sido pagados a sus beneficiarios; **5)** Fondo de Seguro de Depósitos, (FOSEDE); y **6)** de haber remanente proceder a cancelar las demás deudas de Banco Continental, S. A., en Liquidación Forzosa de acuerdo con la graduación que establece el Artículo 1676 del Código de Comercio en lo que contravenga lo previsto en este párrafo, **7)** Los demás casos contemplados en el artículo 131 de la Ley del Sistema Financiero. Lo anterior sin perjuicio de las sentencias emitidas por los órganos jurisdiccionales o autoridades competentes. **EL FIDUCIARIO** como administrador con el patrimonio constituido deberá aplicar al pago de las obligaciones pendientes de la institución el cual se hará de acuerdo con el procedimiento y orden de prelación que expresamente señala el artículo 131 de la Ley del Sistema Financiero, que según el informe presentado por la Junta Liquidadora con cifras al 31 de diciembre de 2016 suman un total **CUATRO MIL SETENTA Y OCHO MILLONES SETECIENTOS TREINTA Y SIETE MIL CIENTO CUARENTA Y UN LEMPIRAS**

CON DOCE CENTAVOS (L4,078,737,141.12) las cuales se detallan así: a) Exigibilidades Inmediatas por un monto de CIENTO CINCUENTA Y TRES MILLONES CIENTO DIECINUEVE MIL CUARENTA Y CINCO LEMPIRAS CON NOVENTA Y CINCO CENTAVOS (L153,119,045.95); b) Depósitos del Público por un monto de MIL DOSCIENTOS VEINTISIETE MILLONES TRESCIENTOS CINCUENTA Y SIETE MIL CIENTO CUARENTA Y TRES LEMPIRAS CON NOVENTA Y SEIS CENTAVOS (L.1,227,357,143.96); c) Otros depósitos por un monto de VEINTINUEVE MILLONES CUATROCIENTOS SETENTA Y UN MIL SESENTA Y CUATRO LEMPIRAS CON DIECISIETE CENTAVOS (L.29,471,064.17); d) Otras Exigibilidades por un monto de TREINTA Y SEIS MILLONES TRESCIENTOS DIECISÉIS MIL SETECIENTOS OCHENTA Y TRES LEMPIRAS CON CINCUENTA Y OCHO CENTAVOS (L36,316,783.58); e) Obligaciones Bancarias por un monto de MIL CUATROCIENTOS OCHENTA Y TRES MILLONES TRESCIENTOS SETENTA Y UN MIL OCHENTA Y TRES LEMPIRAS CON SETENTA Y TRES CENTAVOS (L1,483,371,083.73); f) cantidades pendientes de aplicar por un monto de VEINTIÚN MILLONES TRESCIENTOS NOVENTA Y CINCO MIL TRESCIENTOS CUARENTA Y SIETE LEMPIRAS CON CUARENTA CENTAVOS (L21,395,347.40); y g) Capital y Reservas de Capital por un monto de MIL CIENTO VEINTISIETE MILLONES SETECIENTOS SEIS MIL SEISCIENTOS SETENTA Y UN LEMPIRAS CON CUARENTA CENTAVOS (L1,127,706,771.40). SEXTO: OBLIGACIONES DEL FIDUCIARIO: En virtud de lo anterior El FIDUCIARIO siguiendo criterios de seguridad y rentabilidad, actuando en tal caso con la diligencia de un comerciante en negocio propio y siempre en el mejor interés del FIDEICOMISO, con estricto apego a las Normas y Procedimientos contenidos en este contrato, Código de Comercio, Ley del Sistema Financiero y demás legislación aplicable, deberá ejecutar, entre otras las siguientes actividades para cumplir con la finalidad del contrato: a) Recibir el patrimonio FIDEICOMETIDO



CORTE SUPREMA DE JUSTICIA
REPÚBLICA DE HONDURAS, C.A.



PAPEL ESPECIAL
NOTARIAL
VEINTE LEMPIRAS
2016-2019

N°. 1302976

conformado por los activos del **BANCO CONTINENTAL, S.A.** en proceso de liquidación

forzosa, aclarando que los activos que conforman el **PATRIMONIO FIDEICOMETIDO**, se

entregan y reciben, sin responsabilidad alguna para **EL FIDUCIARIO**, derivado de las

actuaciones previas que se debieron realizar por Banco Continental S.A. en cumplimiento de la

Ley Especial contra el Lavado de Activos, Reglamento para la Prevención y Detección del Uso

Indebido de los Servicios y Productos Financieros en el Lavado De Activos, las Normas para el

Fortalecimiento de la Transparencia, la Cultura Financiera y atención al Usuario Financiero en las

Instituciones Supervisadas, y en cuanto a la documentación contractual, firmas e inscripción en los

registros de la propiedad, que al efecto lleva el Instituto de la Propiedad a nivel nacional. No

obstante EL FIDUCIARIO una vez asumido el patrimonio FIDEICOMETIDO deberá en los actos

pertinentes realizar la debida diligencia, y cumplir con ~~todas las obligaciones~~ que indican las leyes

antes citadas; **b)** Rendir un informe sobre el estado del proceso de liquidación, dentro de los 10 días

hábiles, contados a partir de la fecha de firma del presente contrato; **c)** Continuar con el pago de los

depósitos, mediante la ejecución del procedimiento de restitución; **d)** Administrar bienes muebles

e inmuebles, para su realización mediante la venta, arrendamiento o cualquier acto o contrato de

licito comercio para cumplir con los fines del fideicomiso de conformidad al Reglamento que se

emita para tal efecto; **e)** Administrar bajo sanas prácticas bancarias los derechos crediticios,

realizando las gestiones necesarias para su recuperación ya sea por la vía administrativa, judicial o

extrajudicial, para lo cual podrá celebrar los actos y contratos necesarios para llevar a cabo esta

finalidad, siempre al conformidad al Reglamento que se emita para tal efecto; **f)** Efectuar los actos

necesarios para la conservación de los bienes, derechos y acciones que conforman el

**PATRIMONIO FIDEICOMETIDO**, pudiendo readecuar carteras, vender, ceder, descontar,

arrendar y disponer de los bienes, derechos, obligaciones y acciones del

**PATRIMONIOFIDEICOMETIDO**, a efecto de obtener los recursos necesarios para cumplir

con la finalidad del **FIDEICOMISO**; **g)** Ejercer las acciones administrativas, extrajudiciales o

judiciales para la defensa y recuperación de los bienes, derechos y acciones que conforman el **PATRIMONIO FIDEICOMETIDO.** Sin perjuicio del régimen legal establecido en el artículo 144 de la Ley del Sistema referente a la transferencia de activos y/o depósitos dentro del proceso de restitución, corresponde a **El FIDUCIARIO** continuar con los procesos judiciales que se encuentran en trámite ante los Juzgados y Tribunales de la República, y de todos aquellos que se presenten en el futuro; **h)** Contratar personas, naturales o jurídicas, que se encarguen de la recuperación, venta o realización de los bienes, derechos y acciones que conforman el **PATRIMONIO FIDEICOMETIDO**, así como, otorgar los mandatos que sean necesarios para tal efecto. Queda expresamente establecido que en las facultades otorgadas al **FIDUCIARIO, no incluyen la de constituir gravámenes o dar en garantías los bienes que constituyen el PATRIMONIO FIDEICOMETIDO**; así como, contratar créditos u otro tipo de financiamiento que deba ser pagado con dichos bienes. **i)** y en razón de que **EL FIDEICOMITENTE** mediante el presente contrato encomienda la administración del proceso de liquidación forzosa a **EL FIDUCIARIO**, en consecuencia éste asume la representación legal de la institución en liquidación forzosa, el cual conserva su personalidad jurídica para todos los efectos que derivan de la Ley del Sistema Financiero, así como las demás obligaciones, derechos y facultades que por ley correspondan al liquidador. **SÉPTIMO: PLAZO:** El presente **FIDEICOMISO** tendrá una duración de hasta **DIEZ (10) años**, contados a partir de la fecha de suscripción del presente Instrumento, prorrogable por acuerdo expreso de las partes, sin que la suma de dichas prórrogas exceda el plazo de quince (15) años. Dicha prórroga debe ser aprobada por la Comisión Nacional de Bancos y Seguros. **OCTAVO: DEBERES Y DERECHOS DE LAS PARTES: DEL FIDEICOMITENTE: 1)** Trasladar al **FIDUCIARIO** la titularidad dominical del **PATRIMONIO FIDEICOMETIDO**, consistente en la totalidad de los activos relacionados en la **CLÁUSULA CUARTA** del presente Instrumento, libres de gravámenes y pasivos ocultos, tasas impositivas, cánones, impuestos o cualquier otra carga que pudiera afectar la realización, libre



*CORTE SUPREMA DE JUSTICIA*
*REPÚBLICA DE HONDURAS, C.A.*

PAPEL ESPECIAL
NOTARIAL
VEINTE LEMPIRAS
2016-2019

Nº.1302977



posesión o tenencia de los bienes, derechos y acciones que formarán parte del **PATRIMONIO FIDEICOMETIDO**, a excepción de las generadas por las obligaciones crediticias y redescuentos, para lo cual, ejecutará los actos y celebrará los contratos e instrumentos públicos y privados que resultaren necesarios para la efectiva transmisión del **PATRIMONIO FIDEICOMETIDO** a favor del **FIDUCIARIO**; **2)** Entregar al **FIDUCIARIO** la base de datos física y electrónica del **PATRIMONIO FIDEICOMETIDO**; así como, todos los documentos originales y antecedentes que respaldan los bienes, derechos, obligaciones y acciones que integran el **PATRIMONIO FIDEICOMETIDO**, que incluya cualquier documentación original adicional que fuere necesaria o solicitada por **EL FIDUCIARIO**, para asegurar la existencia, titularidad, exigibilidad, conservación, administración, gestión, recuperación y transmisión de los bienes, derechos, obligaciones y acciones relacionados; **3)** Proveer a **EL FIDUCIARIO** la información necesaria para llevar a cabo la migración de las bases de datos del Banco Continental, S.A., en liquidación forzosa, con los bienes, derechos, obligaciones y acciones que integran el **PATRIMONIO FIDEICOMETIDO**, que incluya, la suscripción de la documentación necesaria que el **FIDUCIARIO** solicite, con el propósito de habilitar a éste para utilizar los sistemas de computación (Software), cuya licencia hubiera oportunamente contratado y se considere útil para la administración del **PATRIMONIO FIDEICOMETIDO** por la Liquidación de Banco Continental, S.A.; **4)** Exigir rendición del informe de cuentas al **FIDUCIARIO**, cuando éste no presente dicho informe, en el plazo convenido; **5)** Aprobar o improbar el informe de rendición de cuentas que emita el **FIDUCIARIO**. **DEL FIDUCIARIO**: **1)** Asumir todas las obligaciones, derechos y facultades de liquidador de Banco Continental de conformidad con lo establecido en la Ley del Sistema Financiero y la normativa vigente; **2)** Recibir la titularidad dominical sobre todos los activos integrados en el Patrimonio FIDEICOMETIDO descritos en la **CLÁUSULA CUARTA** de este Instrumento; **3)** Recibir las comisiones convenidas; **4)** Ejecutar el **FIDEICOMISO** de acuerdo a la finalidad del mismo y ejercer los derechos y acciones judiciales

en su caso, que puedan ser necesarias para la defensa del **PATRIMONIO FIDEICOMETIDO**; y, a cuyo efecto otorgará los mandatos especiales en su calidad de **FIDUCIARIO** que se requieran para tal fin; **5)** Contratar con cargo al **PATRIMONIO FIDEICOMETIDO**, servicios necesarios para el mantenimiento, seguridad y realización de los bienes muebles e inmuebles, así como las consultorías necesarias para el logro de la finalidad del **FIDEICOMISO**; **6)** Reembolsar con los recursos generados, cualquier gasto justificado y razonable que ocasione el **FIDEICOMISO** o sus modificaciones; **7)** Vender mediante mecanismos transparentes, competitivos y tomando en cuenta las condiciones de mercado de conformidad al Reglamento que se apruebe para tales efectos, los bienes y derechos del **PATRIMONIO FIDEICOMETIDO**; **8) EL FIDUCIARIO** llevará las operaciones del FIDEICOMISO, con estricto apego a lo establecido en la Ley del Sistema Financiero y lo que establece el Código de Comercio, debiendo así separar de su contabilidad y de sus propios activos el patrimonio fideicometido, así como también en forma separada la contabilidad que corresponda a otros Fideicomisos, indistintamente si corresponden al mismo o diferente fideicomitente; **9)** Efectuar los pagos de conformidad al orden de prelación establecido en el artículo 131 de la Ley del Sistema Financiero; **10) EL FIDUCIARIO** invertirá el producto de la venta de activos o recuperación de cartera, en las mejores condiciones que existan en el mercado financiero, en instituciones reguladas por la Comisión Nacional de Bancos y Seguros, (CNBS), cumpliendo primordialmente con los requerimientos de seguridad para el cumplimiento de la finalidad establecida, las cuales se realizaran sin interferir en el traslado de fondos previsto según la prelación establecida; **11) EL FIDUCIARIO** manejará un fondo para gastos operativos del **FIDEICOMISO**; **12)** Asumir con cargo al fideicomiso todos los gastos y honorarios que ocasione la formalización del **FIDEICOMISO**, registro de garantías mobiliarias e inmobiliarias, así como su cancelación;**13) EL FIDUCIARIO** deberá rendir informes trimestrales y anuales a **EL FIDECOMITENTE**; estos últimos deberán estar certificados por un Auditor Externo inscrito en el registro público de auditores externos de la CNBS, con cargo al **FIDEICOMISO**. Efectuados



CORTE SUPREMA DE JUSTICIA
REPÚBLICA DE HONDURAS, C.A.



PAPEL ESPECIAL
NOTARIAL
VEINTE LEMPIRAS
2016-2019

Nº.1302978

los pagos señalados en el artículo 131 de la Ley del Sistema Financiero deberá de rendir el informe final de la liquidación, junto con el balance final al juez competente; y, **14) EL FIDUCIARIO** está obligado a informar a la Comisión Nacional de Bancos y Seguros, todas las transacciones que realice con personas naturales o jurídicas con nacionalidad de los Estados Unidos de América, con el fin que la Comisión Nacional de Bancos y Seguros informe al Departamento del Tesoro sobre dichas transacciones. **NOVENO: REMUNERACIÓN: EL FIDUCIARIO** recibirá en concepto de remuneración las siguientes comisiones: **1.** Una comisión fija por Administración, de **CUATROCIENTOS CINCUENTA MIL LEMPIRAS EXACTOS (L. 450,000.00)** mensuales, pagaderos al final de cada mes por el **FIDEICOMISARIO,** y anualmente se ajustará directamente proporcional en relación al saldo del patrimonio FIDEICOMETIDO; **2**. Una comisión por Recuperación de Cartera en efectivo, en base a la siguiente escala: **I.-** De L0.01 a L1,000,000.00, una comisión del NUEVE POR CIENTO (9.00%); **II.-** De L1,000,000.01 a L10,000,000.00, una comisión del SIETE POR CIENTO (7.00%); y **III.-** De L10,000,000.01 en adelante una comisión de SEIS POR CIENTO (6.00%); **3. Una comisión por Venta de Activos Fijos** en base a la siguiente escala: **I.-** De L0.01 a L5,000,000.00, una comisión del DIEZ POR CIENTO (10.00%); **II.-** De L5,000,000.01 a L10,000,000.00, una comisión del SIETE POR CIENTO (7.00%); y **III.-** De L10,000,000.01 en adelante una comisión de CINCO POR CIENTO (5.00%); **4. Una comisión por Venta de Activos Eventuales** en base a la siguiente escala: **I.-** De L0.01 a L5,000,000.00, una comisión del OCHO POR CIENTO (8.00%); **II.-** De L5,000,000.01 a L10,000,000.00, una comisión del SEIS POR CIENTO (6.00%); y **III.-** De L10,000,000.01 en adelante una comisión de CUATRO PUNTO CINCUENTA POR CIENTO (4.50%); **5. Una comisión por Recuperación de Cartera en Ejecución Judicial / Dación en Pago,** en base a la siguiente escala: **I.-** De L0.01 a L5,000,000.00, una comisión del QUINCE POR CIENTO (15.00%); **II.-** De L5,000,000.01 a L.10,000,000.00, una comisión del DIEZ POR CIENTO

(10.00%); y **III.-** De L.10,000,000.01 en adelante una comisión de OCHO POR CIENTO (8.00%); **6. Una comisión por Arrendamientos,** del 5% sobre el valor recibido; **7. Una comisión por Deudores Varios,** en base a la siguiente escala: **I.-** De L.0.01 a L.5,000,000.00, una comisión del DIEZ POR CIENTO (10.00%); **II.-** De L.5,000,000.01 a L.10,000,000.00, una comisión del OCHO POR CIENTO (8.00%); y **III.-** De L.10,000,000.01 en adelante una comisión de CINCO POR CIENTO (5.00%); **8. Una comisión sobre los Rendimientos Netos de las Inversiones y Dividendos recibidos,** del 7.50% sobre rendimientos Netos; **9.** Una comisión fija por **Administración de Empresas (Aparthotel VILLA NURIA)**, de **DIEZ MIL LEMPIRAS EXACTOS (L.10,000.00)** mensuales, pagaderos al final de cada mes; **10. Una comisión por Pagos a Terceros** del 0.25% sobre el valor del Pago que no incluye las transferencias que se realicen al FOSEDE, ni a los depósitos al público. **11. Una comisión por la venta de las acciones y participaciones** del 0.50% del 1% sobre el precio de venta. **DÉCIMO: EJERCICIO FINANCIERODELFIDEICOMISO:** Cada ejercicio financiero del **FIDEICOMISO** durará un (1) año, comenzando el primer ejercicio en la fecha de suscripción del presente contrato, finalizando el 31 de diciembre de 2017 y los años subsiguientes del primero de enero o día hábil siguiente, al 31 de diciembre de cada año. **DÉCIMO PRIMERO: REFORMA:** Este contrato podrá reformarse tantas veces como fuere necesario por iniciativa del **FIDEICOMITENTE** y de conformidad con el **FIDUCIARIO**, las reformas al presente contrato, deberán ser autorizadas por la Comisión Nacional de Bancos y Seguros (CNBS), y se documentará mediante adendum, debidamente inscrito en el registro correspondiente, sin embargo, lo que no esté previsto en el mismo, el **FIDUCIARIO** deberá ajustarse estrictamente a lo que establece el Código de Comercio vigente y la Ley del Sistema Financiero. **DÉCIMO SEGUNDO: EXTINCIÓN DEL FIDEICOMISO: a)** El presente contrato se extinguirá por las disposiciones que al respecto establece la Ley del Sistema Financiero para la terminación o sustitución del liquidador, y por los supuestos establecidos en el artículo 1061 del Código de Comercio que



CORTE SUPREMA DE JUSTICIA
REPÚBLICA DE HONDURAS, C.A.



PAPEL ESPECIAL
NOTARIAL
VEINTE LEMPIRAS
2016-2019

Nº.1302979

aplican al presente contrato, y; **b)** Por llegar a la terminación del plazo de este Fideicomiso o de su prórroga. **DÉCIMO TERCERO: COMPARECENCIA ANTE JUEZ COMPETENTE:** En atención a lo establecido en el Artículo 131 de la Ley del Sistema Financiero y a lo resuelto por el Juez de Letras de Privación de Dominio de Bienes de Origen Ilícito con Jurisdicción Nacional en fecha 16 de octubre de 2015 que literalmente indica: "En virtud de la solicitud de la Procuraduría General de la República en la cual se señaló que el aseguramiento corresponde únicamente a las acciones de la sociedad Banco Continental, S, A., no sobre los activos y todo lo que corresponde al Banco será la Comisión Nacional de Bancos y Seguros para que continúe con el procedimiento de liquidación forzosa, obligándose a que lo que reste es decir el remanente luego de pagadas las obligaciones será entregado a la Oficina Administradora de Bienes Incautados (OABI) para que continúe con la medida en relación al Banco"; el FIDUCIARIO comparecerá ante juez competente haciendo del conocimiento de éste, lo resuelto por el Juez de Privación de Dominio de Bienes de Origen Ilícito en fecha 16 de octubre de 2015, acompañando certificación de dicha resolución a efecto de que el tribunal de cumplimiento a lo establecido en el Artículo 132 de la Ley del Sistema Financiero y a las instrucciones emitidas por el Juzgado de Privación de Dominio de Bienes de Origen Ilícito. **DÉCIMO CUARTO: RÉGIMEN LEGAL: EL PRESENTE FIDEICOMISO** se regirá según lo dispuesto en la Ley del Sistema Financiero, Código de Comercio, Ley de la Comisión Nacional de Bancos y Seguros, Ley de Seguro de Depósito en Instituciones del Sistema Financiero, normas dictadas y reglamentos emitidos por la Comisión Nacional de Bancos y Seguros, y cualquier otra normativa aplicable. **DÉCIMO QUINTO: FORMAN PARTE INTEGRAL DE ESTE CONTRATO:** El cuarto Informe sobre el Avance de la liquidación de Banco Continental S.A. con cifras de balance al 31 de diciembre del 2016, en el cual se detallan los bienes, derechos, obligaciones y acciones FIDEICOMETIDOS descritos en los Anexos adjuntos que forman parte integral de este contrato; el Reglamento de Realización de Activos del Fideicomiso, así como los Adendum que pudiesen originarse a partir de modificaciones acordadas

entre las partes. **DÉCIMO SEXTO: REGIMEN FISCAL:** Según lo establecido en el artículo 147 de la Ley del Sistema Financiero, las transferencias de activos, pasivos, los pagos y servicios que se realicen con ocasión de los procedimientos de restitución de la liquidación de Banco Continental, S.A. estarán exentos de cualquier tributo. Asimismo no se exigirán timbres de escritura ni derechos registrales de ningún tipo por la práctica de las correspondientes inscripciones a favor de las instituciones del sistema financiero adquirentes de los referidos activos y pasivos y, además, los honorarios legales serán libremente contratados por las partes. **DÉCIMO SÉPTIMO: SOLUCIÓN DE CONTROVERSIAS:** Todo conflicto que surgiere de la aplicación, interpretación o alcances del mismo, deberá ser sometido en primera instancia al proceso de negociación directa, que no podrá tener una duración mayor de noventa (90) días. Caso contrario las partes se someten de manera expresa a la jurisdicción del Juzgado de Letras de lo Civil del Departamento de Francisco Morazán. **DÉCIMO OCTAVO: COMUNICACIONES:** Se señala para efecto de cualquier comunicación, se señalan como contactos a las siguientes personas: **1)** MARCO ANTONIO CANO GOMEZ, Sub Gerente General de BANCO DE LOS TRABAJADORES, S.A., y Delegado Fiduciario del **FIDEICOMISO**, Edificio BANCO DE LOS TRABAJADORES, S. A., Comayagüela, Municipio del Distrito Central; Oficina Principal, ubicado en el Barrio Concepción, Segunda Avenida, Calle Real de Comayagüela, MDC, teléfono 2238-0017 extensiones 252 y 277, correo electrónico: fideicomisosbantrab@bantrab.hn; **2)** JORGE ANTONIO FLORES PADILLA, Superintendente de Bancos y Otras Instituciones, COMISION NACIONAL DE BANCOS Y SEGUROS, Edificio Santa Fe, Colonia Castaño Sur, Paseo Virgilio Zelaya Rubí, Bloque "C" Tegucigalpa, Municipio del Distrito Central, teléfono 2290-4500 extensión 262 y 263, correo electrónico JFlores@cnbs.gob.hn. **DÉCIMO NOVENO: SANEAMIENTO Y GASTOS:** EL **FIDUCIARIO** responderá con cargo al fideicomiso por cualquier reclamación o acción judicial o extrajudicial que terceras personas opongan a la realización, constitución de este **FIDEICOMISO,** asimismo, manifiesta EL **FIDUCIARIO** que





CORTE SUPREMA DE JUSTICIA
REPÚBLICA DE HONDURAS, C.A.

PAPEL ESPECIAL
NOTARIAL
VEINTE LEMPIRAS
2016-2019

N°.1302980

todos los gastos generados con motivo del presente **FIDEICOMISO**, incluyendo los de esta

escritura, su primera copia o posteriores copias, registros, honorarios y cancelaciones, serán

cubiertos por **EL FIDUCIARIO** con cargo al fideicomiso conforme a lo establecido en el artículo

138 de la Ley del Sistema Financiero. **VIGÉSIMO: ACEPTACIÓN:** Continúan manifestando la

señora **ETHEL SUYAPA DERAS ENAMORADO** en su condición de Presidenta de la

**COMISIÓN NACIONAL DE BANCOS Y SEGUROS**, nombrada mediante Acuerdo

Ejecutivo Número 103-2014 de fecha 14 de febrero de 2014 y autorizada por el pleno de la

Comisión Nacional de Bancos y Seguros (CNBS) mediante Resolución SB N° 113/15-02-2017

para la firma del presente contrato de fideicomiso y el señor **GUSTAVO TURCIOS CARIAS**, en

su condición de Gerente General de **BANCO DE LOS TRABAJADORES, S.A.**, y

**DELEGADO FIDUCIARIO** que es cierto lo antes expuesto en este instrumento, que aceptan en

todas sus partes el presente **FIDEICOMISO** comprometiéndose a su fiel cumplimiento, Yo el

Notario actuante advertí a los otorgantes de la inscripción de este instrumento público para los

efectos de ley correspondientes.- Así lo dicen y otorgan los comparecientes, quienes enterados del

derecho que la ley les confiere para leer por sí este instrumento, por su común acuerdo procedí a su

lectura íntegra en cuyo contenido se ratifican, firman y ponen sus respectivas huellas digitales ante

el suscrito Notario de conformidad con la ley.- De todo lo cual, así como de constarme el

conocimiento, estado, edad, profesión y oficio, vecindad y capacidad de uno y otros, doy fe, así

como de haber tenido a la vista los documentos siguientes: **ETHEL SUYAPA DERAS**

**ENAMORADO; GUSTAVO TURCIOS CARIAS,** Tarjetas de Identidad: 1401-1989-00350 y

0311-1967-00145; R.T.N.: 14011989003506 y 03111967001451; y R.T.N. Banco de los

Trabajadores 08019999406510; de lo que yo el Notario, DOY FE. Firma y huella digital **ETHEL**

**SUYAPA DERAS ENAMORADO**. Firma y huella digital. **GUSTAVO TURCIOS CARIAS**.

Firma y Sello Notarial. **LUIS ENRIQUE GALEANO MILLA**.

Y para entregar al **BANCO DE LOS TRABAJADORES, S.A.,** libro, sello y firmo esta primera

copia en el mismo lugar y fecha de su otorgamiento, en el papel sellado correspondiente sin timbres por estar exentos, así como de cualquier tributo conforme el artículo 147 de la Ley del Sistema Financiero, quedando su original con el cual concuerda con el número preinserto de mi protocolo corriente del año en curso en donde anoté este libramiento.





**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Alyssa Mullally, hereby certify that the document **"Certified Copy of the Trust Agreement and Public Deed between the Honduran Banking Commission and Banco de los Trabajadores SA."** is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Alyssa Mullally

Sworn to before me this
January 15, 2020

Signature, Notary Public

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 6TH FLOOR, NEW YORK, NY 10001  |  T 212.400.8840  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

**EXHIBIT 2**

**Petition Section 8: Others entitled to notice.**

1.) <u>All persons or bodies authorized to administer foreign proceedings of the debtor</u>

- Banco de los Trabajadores, S.A.

  c/o:  Patricia A. Redmond, Esq.
        Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
        150 West Flagler Street
        Miami, Florida 33130
        Tel. 305-789-3553
        Fax: 305-789-3395
        Email: predmond@stearnsweaver.com

        Juan C. Basombrio, Esq.
        Dorsey & Whitney LLP
        600 Anton Boulevard, Suite 2000
        Costa Mesa, CA 92626-7655
        Tel: 714-800-1405
        Fax: 714-800-1499
        Email: basombrio.juan@dorsey.com

2.) <u>All parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition</u>

A. Banco Continental is a named party in *Wells Fargo Bank, N.A. v. Caballero et al*, 19-cv-4141 (D.S.D. Aug. 14, 2019). The following persons and/or entities are also parties to this action:

- Wells Fargo Bank, N.A.

  c/o:  Alex Charles Lakatos
        MAYER BROWN LLP
        1999 K Street, NW
        Washington, DC 20006
        Tel: (202) 263-3312
        Fax: 202-263-3300
        Email: alakatos@mayerbrown.com

        Daniel R. Fritz, II and Timothy R. Rahn
        Ballard Spahr LLP
        101 South Reid Street, Suite 302
        Sioux Falls, SD 57103
        Tel: (605) 978-5200
        Fax: (605) 978-5225

Email: fritzd@ballardspahr.com
Email: rahnt@ballardspahr.com

- Antonio Caballero

  c/o:    Joseph I. Zumpano and Leon N. Patricios
          Zumpano Patricios, P.A.
          312 Minorca Avenue
          Coral Gables, FL 33134
          Tel: 305-444-5565
          Fax: 305-444-8588
          Email: jzumpano@zplaw.com
          Email: lpatricios@zplaw.com

          Charles Nicholas Rostow
          Zumpano Patricios & Popak, PLLC
          100 Wall Street, 10th Floor
          New York, NY 10005
          Tel: 212-542-8127
          Fax: 212-320-0332
          Email: nrostow@zplaw.com

          James R. Myers and Joshua Zellmer
          Myers Billion, LLP
          PO Box 1085
          Sioux Falls, SD 57101-1085
          Tel: (605) 336-3700
          Fax: (605) 336-3786
          Email: jmyers@myersbillion.com
          Email: jzellmer@myersbillion.com

- Keith Stansell

  c/o:    Newton P. Porter and Tony P. Korvick
          Porter & Korvick, P.A.
          9655 S. Dixie Hwy., Suite 208
          Miami, FL 33156
          Tel: (305) 373-5040
          Email: nporter@porterandkorvick.com
          Email: tkorvick@porterandkorvick.com

          Timothy W. Billion
          Robins Kaplan LLP
          140 North Phillips Avenue, Suite 307
          Sioux Falls, SD 57104
          Tel: (605) 335-1300

               Fax: (605) 740-7199
               Email: tbillion@robinskaplan.com

- Marc Gonsalves

  c/o:   Newton P. Porter and Tony P. Korvick
         Porter & Korvick, P.A.
         9655 S. Dixie Hwy., Suite 208
         Miami, FL 33156
         Tel: (305) 373-5040
         Email: nporter@porterandkorvick.com
         Email: tkorvick@porterandkorvick.com

         Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Thomas Howes

  c/o:   Newton P. Porter and Tony P. Korvick
         Porter & Korvick, P.A.
         9655 S. Dixie Hwy., Suite 208
         Miami, FL 33156
         Tel: (305) 373-5040
         Email: nporter@porterandkorvick.com
         Email: tkorvick@porterandkorvick.com

         Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Judith G. Janis

  c/o:   Newton P. Porter and Tony P. Korvick
         Porter & Korvick, P.A.
         9655 S. Dixie Hwy., Suite 208
         Miami, FL 33156
         Tel: (305) 373-5040

Email: nporter@porterandkorvick.com
Email: tkorvick@porterandkorvick.com

Timothy W. Billion
Robins Kaplan LLP
140 North Phillips Avenue, Suite 307
Sioux Falls, SD 57104
Tel: (605) 335-1300
Fax: (605) 740-7199
Email: tbillion@robinskaplan.com

- Christopher T. Janis individually and as personal representative and sole heir of the estate of Greer C. Janis, Michael I. Janis, Jonathan N. Janis

  c/o:   Newton P. Porter and Tony P. Korvick
         Porter & Korvick, P.A.
         9655 S. Dixie Hwy., Suite 208
         Miami, FL 33156
         Tel: (305) 373-5040
         Email: nporter@porterandkorvick.com
         Email: tkorvick@porterandkorvick.com

         Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Olivia Pescatore

  c/o:   Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Josh Pescatore

  c/o:   Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104

Tel: (605) 335-1300
Fax: (605) 740-7199
Email: tbillion@robinskaplan.com

- Jada Pescatore

  c/o:    Timothy W. Billion
          Robins Kaplan LLP
          140 North Phillips Avenue, Suite 307
          Sioux Falls, SD 57104
          Tel: (605) 335-1300
          Fax: (605) 740-7199
          Email: tbillion@robinskaplan.com

- Jarrod Pescatore

  c/o:    Timothy W. Billion
          Robins Kaplan LLP
          140 North Phillips Avenue, Suite 307
          Sioux Falls, SD 57104
          Tel: (605) 335-1300
          Fax: (605) 740-7199
          Email: tbillion@robinskaplan.com

- Jordan Pescatore

  c/o:    Timothy W. Billion
          Robins Kaplan LLP
          140 North Phillips Avenue, Suite 307
          Sioux Falls, SD 57104
          Tel: (605) 335-1300
          Fax: (605) 740-7199
          Email: tbillion@robinskaplan.com

- Carol Pescatore Harpster individually and as the representative of the estate of
  Frank Pescatore Sr., Richard Pescatore, John Pescatore, and Carolyn Pescatore

  c/o:    Timothy W. Billion
          Robins Kaplan LLP
          140 North Phillips Avenue, Suite 307
          Sioux Falls, SD 57104
          Tel: (605) 335-1300
          Fax: (605) 740-7199
          Email: tbillion@robinskaplan.com

- Estate of Greer C. Janis

    c/o:    Newton P. Porter and Tony P. Korvick
            Porter & Korvick, P.A.
            9655 S. Dixie Hwy., Suite 208
            Miami, FL 33156
            Tel: (305) 373-5040
            Email: nporter@porterandkorvick.com
            Email: tkorvick@porterandkorvick.com

            Timothy W. Billion
            Robins Kaplan LLP
            140 North Phillips Avenue, Suite 307
            Sioux Falls, SD 57104
            Tel: (605) 335-1300
            Fax: (605) 740-7199
            Email: tbillion@robinskaplan.com

- Estate of Michael I. Janis

    c/o:    Newton P. Porter and Tony P. Korvick
            Porter & Korvick, P.A.
            9655 S. Dixie Hwy., Suite 208
            Miami, FL 33156
            Tel: (305) 373-5040
            Email: nporter@porterandkorvick.com
            Email: tkorvick@porterandkorvick.com

            Timothy W. Billion
            Robins Kaplan LLP
            140 North Phillips Avenue, Suite 307
            Sioux Falls, SD 57104
            Tel: (605) 335-1300
            Fax: (605) 740-7199
            Email: tbillion@robinskaplan.com

- Estate of Jonathan N. Janis

    c/o:    Newton P. Porter and Tony P. Korvick
            Porter & Korvick, P.A.
            9655 S. Dixie Hwy., Suite 208
            Miami, FL 33156
            Tel: (305) 373-5040
            Email: nporter@porterandkorvick.com
            Email: tkorvick@porterandkorvick.com

            Timothy W. Billion

       Robins Kaplan LLP
       140 North Phillips Avenue, Suite 307
       Sioux Falls, SD 57104
       Tel: (605) 335-1300
       Fax: (605) 740-7199
       Email: tbillion@robinskaplan.com

- Estate of Frank Pescatore Sr.

  c/o:    Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Estate of Richard Pescatore

  c/o:    Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Estate of John Pescatore

  c/o:    Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Estate of Carolyn Pescatore

  c/o:    Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Inversiones Continental (Panamá), S.A., also known as Grupo Continental

    c/o:    Bernardo M. Cremades
            Bernardo M. Cremades, Jr.
            Sandra Cajal Martin
            Paloma Carrasco Garcia
            B. Cremades & Asociados, S.L.
            Calle Goya, 18 – Planta 2
            28001, Madrid, Spain
            Tel: (+34) 914-237-200
            Fax: (+34) 915-769-794
            Email: bernardo@bcremades.com
            Email: bcr@bcremades.com
            Email: s.cajal@bcremades.com
            Email: p.carrasco@bcremades.com

- Republic of Honduras

    c/o:    Juan C. Basombrio, Esq.
            Dorsey & Whitney LLP
            600 Anton Boulevard, Suite 2000
            Costa Mesa, CA 92626-7655
            Tel: 714-800-1405
            Fax: 714-800-1499
            Email: basombrio.juan@dorsey.com

B. Inversiones Continental (Panamá), S.A., alleges to be bringing the following
   arbitration "in its own behalf and as a representative of its subsidiary" Banco
   Continental: *Inversiones Continental (Panama), S.A., v. Republic of Honduras*,
   International Centre for Settlement of Investment Disputes, ICSID Case No.
   ARB/18/40. The following persons and/or entities are also parties to this action:

- Inversiones Continental (Panamá), S.A., also known as Grupo Continental,
  individually.

    c/o:    Bernardo M. Cremades
            Bernardo M. Cremades, Jr.
            Sandra Cajal Martin
            Paloma Carrasco Garcia
            B. Cremades & Asociados, S.L.
            Calle Goya, 18 – Planta 2
            28001, Madrid, Spain
            Tel: (+34) 914-237-200
            Fax: (+34) 915-769-794
            Email: bernardo@bcremades.com
            Email: bcr@bcremades.com

Email: s.cajal@bcremades.com
Email: p.carrasco@bcremades.com

- Inversiones Continental (Panamá), S.A., in its capacity as alleged "representative of its subsidiaries":  Inversiones Continental, S.A. de C.V.; Continental Casa de Bolsa, S.A.; Banco Continental, S.A.; Arrendadora Continental, S.A. de C.V.; Almacenes de Deposito Continental, S.A.; Empacadora Continental, S.A. de C.V.; Alimentos Continental, S.A. de C.V.; Agro-Negocios Continental, S.A. de C.V.; Fondos Continental, S.A. de C.V.; Repartos Continental, S.A. de C.V.; Editorial Honduras, S.A. de C.V.; Promotores y Correduría de Seguros, S.A. de C.V.; Promotores y Turismo, S.A. de C.V.; Cocodrilos Clal Continental, S.A. de C.V.; Compañía de Café Continental S.A.; Fundación Biológica Educacional Jaime Rolando Rosenthal Hidalgo (FUNBIOROSEN); Proyectos e Inversiones, S.A.; Desarrollo Calpules, S.A.; Aparthoteles Continental, S.A. de C.V.; Corderos Continental, S.A. de C.V.; and Plantaciones Continental, S.A. de C.V.

c/o:   Bernardo M. Cremades
       Bernardo M. Cremades, Jr.
       Sandra Cajal Martin
       Paloma Carrasco Garcia
       B. Cremades & Asociados, S.L.
       Calle Goya, 18 – Planta 2
       28001, Madrid, Spain
       Tel: (+34) 914-237-200
       Fax: (+34) 915-769-794
       Email: bernardo@bcremades.com
       Email: bcr@bcremades.com
       Email: s.cajal@bcremades.com
       Email: p.carrasco@bcremades.com

- Republic of Honduras

c/o:   Juan C. Basombrio, Esq.
       Dorsey & Whitney LLP
       600 Anton Boulevard, Suite 2000
       Costa Mesa, CA 92626-7655
       Tel: 714-800-1405
       Fax: 714-800-1499
       Email: basombrio.juan@dorsey.com

3.) <u>All entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code</u>

Banco de los Trabajadores, S.A., as government-appointed fiduciary liquidator of Banco Continental, seeks a stay of execution pursuant to 11 U.S.C. § 1519(a)(1) to prevent the following individuals from garnishing or attaching funds and/or assets located at Wells Fargo Bank, N.A., Eastern National Bank, US Century Bank, and/or BAC Florida Bank

in accounts residing in the Southern District of Florida that were formerly owned and/or are in the name of by Banco Continental, S.A.:

- Antonio Caballero

  c/o:    Joseph I. Zumpano and Leon N. Patricios
  Zumpano Patricios, P.A.
  312 Minorca Avenue
  Coral Gables, FL 33134
  Tel: 305-444-5565
  Fax: 305-444-8588
  Email: jzumpano@zplaw.com
  Email: lpatricios@zplaw.com

  Charles Nicholas Rostow
  Zumpano Patricios & Popak, PLLC
  100 Wall Street, 10th Floor
  New York, NY 10005
  Tel: 212-542-8127
  Fax: 212-320-0332
  Email: nrostow@zplaw.com

  James R. Myers and Joshua Zellmer
  Myers Billion, LLP
  PO Box 1085
  Sioux Falls, SD 57101-1085
  Tel: (605) 336-3700
  Fax: (605) 336-3786
  Email: jmyers@myersbillion.com
  Email: jzellmer@myersbillion.com

- Keith Stansell

  c/o:    Newton P. Porter and Tony P. Korvick
  Porter & Korvick, P.A.
  9655 S. Dixie Hwy., Suite 208
  Miami, FL 33156
  Tel: (305) 373-5040
  Email: nporter@porterandkorvick.com
  Email: tkorvick@porterandkorvick.com

  Timothy W. Billion
  Robins Kaplan LLP
  140 North Phillips Avenue, Suite 307
  Sioux Falls, SD 57104
  Tel: (605) 335-1300

      Fax: (605) 740-7199
      Email: tbillion@robinskaplan.com

- Marc Gonsalves

    c/o:    Newton P. Porter and Tony P. Korvick
          Porter & Korvick, P.A.
          9655 S. Dixie Hwy., Suite 208
          Miami, FL 33156
          Tel: (305) 373-5040
          Email: nporter@porterandkorvick.com
          Email: tkorvick@porterandkorvick.com

          Timothy W. Billion
          Robins Kaplan LLP
          140 North Phillips Avenue, Suite 307
          Sioux Falls, SD 57104
          Tel: (605) 335-1300
          Fax: (605) 740-7199
          Email: tbillion@robinskaplan.com

- Thomas Howes

    c/o:    Newton P. Porter and Tony P. Korvick
          Porter & Korvick, P.A.
          9655 S. Dixie Hwy., Suite 208
          Miami, FL 33156
          Tel: (305) 373-5040
          Email: nporter@porterandkorvick.com
          Email: tkorvick@porterandkorvick.com

          Timothy W. Billion
          Robins Kaplan LLP
          140 North Phillips Avenue, Suite 307
          Sioux Falls, SD 57104
          Tel: (605) 335-1300
          Fax: (605) 740-7199
          Email: tbillion@robinskaplan.com

- Judith G. Janis

    c/o:    Newton P. Porter and Tony P. Korvick
          Porter & Korvick, P.A.
          9655 S. Dixie Hwy., Suite 208
          Miami, FL 33156
          Tel: (305) 373-5040

Email: nporter@porterandkorvick.com
Email: tkorvick@porterandkorvick.com

Timothy W. Billion
Robins Kaplan LLP
140 North Phillips Avenue, Suite 307
Sioux Falls, SD 57104
Tel: (605) 335-1300
Fax: (605) 740-7199
Email: tbillion@robinskaplan.com

- Christopher T. Janis individually and as personal representative and sole heir of
  the estate of Greer C. Janis, Michael I. Janis, Jonathan N. Janis

    c/o:    Newton P. Porter and Tony P. Korvick
            Porter & Korvick, P.A.
            9655 S. Dixie Hwy., Suite 208
            Miami, FL 33156
            Tel: (305) 373-5040
            Email: nporter@porterandkorvick.com
            Email: tkorvick@porterandkorvick.com

            Timothy W. Billion
            Robins Kaplan LLP
            140 North Phillips Avenue, Suite 307
            Sioux Falls, SD 57104
            Tel: (605) 335-1300
            Fax: (605) 740-7199
            Email: tbillion@robinskaplan.com

- Olivia Pescatore

    c/o:    Timothy W. Billion
            Robins Kaplan LLP
            140 North Phillips Avenue, Suite 307
            Sioux Falls, SD 57104
            Tel: (605) 335-1300
            Fax: (605) 740-7199
            Email: tbillion@robinskaplan.com

- Josh Pescatore

    c/o:    Timothy W. Billion
            Robins Kaplan LLP
            140 North Phillips Avenue, Suite 307
            Sioux Falls, SD 57104

Tel: (605) 335-1300
Fax: (605) 740-7199
Email: tbillion@robinskaplan.com

- Jada Pescatore

  c/o:    Timothy W. Billion
          Robins Kaplan LLP
          140 North Phillips Avenue, Suite 307
          Sioux Falls, SD 57104
          Tel: (605) 335-1300
          Fax: (605) 740-7199
          Email: tbillion@robinskaplan.com

- Jarrod Pescatore

  c/o:    Timothy W. Billion
          Robins Kaplan LLP
          140 North Phillips Avenue, Suite 307
          Sioux Falls, SD 57104
          Tel: (605) 335-1300
          Fax: (605) 740-7199
          Email: tbillion@robinskaplan.com

- Jordan Pescatore

  c/o:    Timothy W. Billion
          Robins Kaplan LLP
          140 North Phillips Avenue, Suite 307
          Sioux Falls, SD 57104
          Tel: (605) 335-1300
          Fax: (605) 740-7199
          Email: tbillion@robinskaplan.com

- Carol Pescatore Harpster individually and as the representative of the estate of
  Frank Pescatore Sr., Richard Pescatore, John Pescatore, and Carolyn Pescatore

  c/o:    Timothy W. Billion
          Robins Kaplan LLP
          140 North Phillips Avenue, Suite 307
          Sioux Falls, SD 57104
          Tel: (605) 335-1300
          Fax: (605) 740-7199
          Email: tbillion@robinskaplan.com

- Estate of Greer C. Janis

    c/o:    Newton P. Porter and Tony P. Korvick
            Porter & Korvick, P.A.
            9655 S. Dixie Hwy., Suite 208
            Miami, FL 33156
            Tel: (305) 373-5040
            Email: nporter@porterandkorvick.com
            Email: tkorvick@porterandkorvick.com

            Timothy W. Billion
            Robins Kaplan LLP
            140 North Phillips Avenue, Suite 307
            Sioux Falls, SD 57104
            Tel: (605) 335-1300
            Fax: (605) 740-7199
            Email: tbillion@robinskaplan.com

- Estate of Michael I. Janis

    c/o:    Newton P. Porter and Tony P. Korvick
            Porter & Korvick, P.A.
            9655 S. Dixie Hwy., Suite 208
            Miami, FL 33156
            Tel: (305) 373-5040
            Email: nporter@porterandkorvick.com
            Email: tkorvick@porterandkorvick.com

            Timothy W. Billion
            Robins Kaplan LLP
            140 North Phillips Avenue, Suite 307
            Sioux Falls, SD 57104
            Tel: (605) 335-1300
            Fax: (605) 740-7199
            Email: tbillion@robinskaplan.com

- Estate of Jonathan N. Janis

    c/o:    Newton P. Porter and Tony P. Korvick
            Porter & Korvick, P.A.
            9655 S. Dixie Hwy., Suite 208
            Miami, FL 33156
            Tel: (305) 373-5040
            Email: nporter@porterandkorvick.com
            Email: tkorvick@porterandkorvick.com

            Timothy W. Billion

Robins Kaplan LLP
140 North Phillips Avenue, Suite 307
Sioux Falls, SD 57104
Tel: (605) 335-1300
Fax: (605) 740-7199
Email: tbillion@robinskaplan.com

- Estate of Frank Pescatore Sr.

  c/o:   Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Estate of Richard Pescatore

  c/o:   Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Estate of John Pescatore

  c/o:   Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Estate of Carolyn Pescatore

  c/o:   Timothy W. Billion
         Robins Kaplan LLP
         140 North Phillips Avenue, Suite 307
         Sioux Falls, SD 57104
         Tel: (605) 335-1300
         Fax: (605) 740-7199
         Email: tbillion@robinskaplan.com

- Inversiones Continental (Panamá), S.A., also known as Grupo Continental, individually.

  c/o:   Bernardo M. Cremades
         Bernardo M. Cremades, Jr.
         Sandra Cajal Martin
         Paloma Carrasco Garcia
         B. Cremades & Asociados, S.L.
         Calle Goya, 18 – Planta 2
         28001, Madrid, Spain
         Tel: (+34) 914-237-200
         Fax: (+34) 915-769-794
         Email: bernardo@bcremades.com
         Email: bcr@bcremades.com
         Email: s.cajal@bcremades.com
         Email: p.carrasco@bcremades.com

- Inversiones Continental (Panamá), S.A., in its capacity as alleged "representative of its subsidiaries": Inversiones Continental, S.A. de C.V.; Continental Casa de Bolsa, S.A.; Banco Continental, S.A.; Arrendadora Continental, S.A. de C.V.; Almacenes de Deposito Continental, S.A.; Empacadora Continental, S.A. de C.V.; Alimentos Continental, S.A. de C.V.; Agro-Negocios Continental, S.A. de C.V.; Fondos Continental, S.A. de C.V.; Repartos Continental, S.A. de C.V.; Editorial Honduras, S.A. de C.V.; Promotores y Correduría de Seguros, S.A. de C.V.; Promotores y Turismo, S.A. de C.V.; Cocodrilos Clal Continental, S.A. de C.V.; Compañía de Café Continental S.A.; Fundación Biológica Educacional Jaime Rolando Rosenthal Hidalgo (FUNBIOROSEN); Proyectos e Inversiones, S.A.; Desarrollo Calpules, S.A.; Aparthoteles Continental, S.A. de C.V.; Corderos Continental, S.A. de C.V.; and Plantaciones Continental, S.A. de C.V.

  c/o:   Bernardo M. Cremades
         Bernardo M. Cremades, Jr.
         Sandra Cajal Martin
         Paloma Carrasco Garcia
         B. Cremades & Asociados, S.L.
         Calle Goya, 18 – Planta 2
         28001, Madrid, Spain
         Tel: (+34) 914-237-200
         Fax: (+34) 915-769-794
         Email: bernardo@bcremades.com
         Email: bcr@bcremades.com
         Email: s.cajal@bcremades.com
         Email: p.carrasco@bcremades.com

**EXHIBIT 3**

**Corporate Ownership Statement**

The Honduran Comisión Nacional de Bancos y Seguros de Honduras (in English, the Honduran National Commission of Banks and Insurance) ("CNBS"), by Resolution SB No. 1034 09-15-2015 (Exhibit 1A herein) declared the forced liquidation of debtor Banco Continental, S.A. CNBS is an agency or instrumentality of the Republic of Honduras, a sovereign foreign state.

Pursuant to CNBS Resolution SB No. 1034 09-15-2015 and CNBS Resolution SB No. 113 15-02-2017 designating Banco de los Trabajadores, S.A. as the fiduciary liquidator and trustee of debtor Banco Continental, S.A. (Exhibit 1B herein), a Trust Agreement and Public Deed (Exhibit 1C herein) was executed between CNBS and Banco de los Trabajadores, S.A., designating Banco de los Trabajadores, S.A.  as the fiduciary liquidator and trustee of debtor Banco Continental, S.A.

Foreign Representative Banco de los Trabajadores, S.A. is a private Honduran financial institution. The following corporation directly or indirectly owned more than 10% of Banco de los Trabajadores, S.A.'s equity interests:

- Cooperativa de Ahorro y Crédito Elga Limitada, a Honduran cooperative.
- Federación de Cooperativas de Ahorro y Crédito (FACACH), a Honduran federation of cooperatives.
- Cooperativa de Ahorro y Crédito Fraternidad Pespirense Ltda., a Honduran cooperative.
- Equidad Compañía de Seguros, S.A., a Honduran company.

Prior to the liquidation proceedings, the following corporation directly or indirectly owned more than 10% of debtor Banco Continental S.A.'s equity interests:

- Inversiones Continental S.A. de C.V. a Honduran company.